CHARLES ROTANTE, by His Parent and Natural Guardian, LENA ROTANTE, et al., Respondents, v. LAWRENCE HOSPITAL et al., Defendants; JOHN T. GOODNER, Appellant.

First Department, December 5, 1974.

*Walter Begos* of counsel (*Anthony J. DeVito*, attorney), for appellant.

*Jacob D. Fuchsberg* of counsel (*Fuchsberg & Fuchsberg,* attorneys), for respondents.

STEUER, J. The facts are not in dispute. The action is in malpractice and the moving defendant is one of the defendants being sued. He is a doctor and insured by Professional Insurance Company. The insurer undertook to defend the action on behalf of its insured and retained the firm of Turkewitz & Tessel for this purpose. Mr. Turkewitz appeared as attorney of record. He consulted with defendant Goodner and prepared a lengthy analysis of the case. Thereafter he represented Dr. Goodner on an examination before trial. Twelve days thereafter Mr. Turkewitz was hired as an attorney by the firm representing the plaintiff.

Prior to Mr. Turkewitz being so hired, the senior partner of the firm consulted Professional Insurance Company and advised it of the prospective hiring of Mr. Turkewitz, inquiring whether this insurer had any objection. The company replied that it did not. Plaintiff's attorneys further state that Mr. Turkewitz has not had and will not have any connection with or participation in this suit.

While these facts neither indicate nor imply any departure from professional conduct or breach of any ethical canon, we cannot escape the conclusion that this is a situation rife with the possibility of discredit to the Bar and the administration of justice. Obviously Mr. Turkewitz cannot erase from his mind the confidences he received from his former client or the plan of defense he envisaged. Though we do not dispute his good faith or the good faith of the firm representing plaintiff, both the possibility of conflict of interest and the appearance of it are too strong to ignore.

We are asked: What is the consequence of this view, namely, the disqualification of plaintiff's attorneys, on Mr. Turkewitz and on the plaintiff? Plainly as regards the attorney this will have to be determined on a case to case basis. With respect to the plaintiff, nothing so far appearing indicates any conflict as regards the other nine defendants, and they have made no claim in that respect. As regards the moving defendant, plaintiff would have to proceed with other counsel. While this would deprive him of counsel of his original choice, it does not differ from any other situation where a conflict prevents a client from proceeding through a particular attorney.

The order, Supreme Court, New York County (SPIEGEL, J.), entered December 12, 1973, should be reversed on the law and in the exercise of discretion and the motion granted without costs.

KUPFERMAN, J. (concurring).. While I am in accord with Judge STEUER's opinion, I believe two points should be emphasized.

Counsel for the plaintiff acted in complete good faith and did not hire Mr. Turkewitz until permission had been obtained by the moving defendant's insurance company.

Further, Mr. Turkewitz was hired for reasons having nothing to do with the pending litigation, so that there can be no implication of improper motive.

Nonetheless, the attorney-client relationship requires that the client who is the defendant, make the determination and not the insurance company, and the attorney is not merely a gladiator who simply has a sword and shield and will travel. (See, in general, *Consolidated Theatres* v. *Warner Bros. Circuit Mgt. Corp.*, 216 F. 2d 920 [2d Cir., 1954]; *Richardson* v. *Hamilton Int. Corp.*, 469 F. 2d 1382 [3d Cir., 1972]; *Emle Ind. Inc.* v. *Patentex, Inc.*, 478 F. 2d 562 [2d Cir., 1973]; *American Can Co.* v. *Citrus Feed Co.*, 436 F. 2d 1125, 1128 [5th Cir., 1971]; cf. Code of Professional Responsibility, canon 4 (formerly in substance canon 6 of the Code of Professional Ethics); see, also, EC 5–19, DR 5–105(C). More specifically, see *Edelman* v. *Levy*, 42 A D 2d 758 [2d Dept., 1973].)

NUNEZ, J. P. (concurring). Since plaintiffs, the forgotten parties in this litigation, will be deprived of the services of their chosen counsel, Jacob Fuchsberg, Esq., irrespective of the disposition of this appeal, due to the latter's recent election to our Court of Appeals, I concur in the result reached by the majority. However, I am in complete disagreement with the statement that this is a situation rife with the possibility of discredit to the Bar and the administration of justice. As conceded by all parties and recognized by the majority, total disclosure of Mr. Turkewitz's prospective employment by the Fuchsberg firm was made to Dr. Goodner's insurance company. The insurance company retained Mr. Turkewitz; it not only paid for his services, it will have to pay any judgment recovered against Dr. Goodner. The insurance company, therefore, is the real party in interest. After full disclosure of Mr. Turkewitz's proposed employment it consented thereto in writing. Mr. Turkewitz has not had and will not have any connection with or participation in this lawsuit. The presumption is that Mr. Turkewitz will not divulge confidences reposed in him by Dr. Goodner. (*T. C. Theatre Corp.* v. *Warner Bros. Pictures*, 113 F. Supp. 265 [S. D. N. Y.]; *LaLance & Grosjean Mfg. Co.* v. *Haberman Mfg. Co.*, 93 F. 197, 199–200.)

202

Apparently, the majority is of the opinion that Mr. Turkewitz, in violation of his and Mr. Fuchsberg's representations and of the code of ethics, will make use of confidential information he received in the course of his former representation of Dr. Goodner, otherwise why the statement: "Obviously Mr. Turkewitz cannot erase from his mind the confidences he received from his former client or the plan of defense envisaged." It is most baffling to me why it should be presumed that this attorney and his employer will engage in unethical conduct. I presume that they will not. The record clearly shows that his employment by the Fuchsberg firm was unqualifiedly conditioned on his total exclusion from any involvement in any case in which he had had any participation while acting as counsel for Dr. Goodner's insurance company.

MURPHY, J., concurs with STEUER, J.; CAPOZZOLI, J., concurs in result; KUPFERMAN, J., concurs in separate opinion; NUNEZ, J. P., and CAPOZZOLI, J., concur in result in separate opinion by NUNEZ, J. P.

Order, Supreme Court, New York County, entered on December 12, 1973, unanimously reversed, on the law and in the exercise of discretion, without costs and without disbursements, and the original motion to disqualify granted.

Settle order providing for notice of a reasonable time for substitution of attorneys.