Simeon Golar, J.
The former attorney for the petitioner wife in a support proceeding brought in this court has made application for an order granting a counsel fee to be paid by the respondent. The relevant facts are as follows:
In July or August of 1972, the applicant commenced representation of the petitioner in connection with matrimonial problems she was having with her husband, the respondent in the subject support proceeding. In January, 1973, the appli *798 cant represented the petitioner in connection with a separation agreement entered into between the parties. Thereafter, on August 16, 1974, the petitioner, represented by the applicant, commenced a proceeding for support and an order of protection. It is in connection with this court proceeding that the applicant seeks an order granting a fee.
During the time the applicant represented the petitioner, he represented the respondent as well in various matters, including the attempted sale of his medical practice. The applicant performed these services for the respondent with the apparent knowledge and consent of the respondent as to his concurrent representation of the petitioner and the possible conflict of interest involved.
After numerous adjournments in the support proceeding, a hearing was commenced on October 29, 1974. At that time, the respondent’s attorney moved that the petitioner’s counsel (the applicant herein) be disqualified and that a mistrial be declared based on the applicant’s prior representation of the respondent. After lengthy conferences between counsel and the court, a mistrial was granted on the consent of the parties, and a temporary order of support was made. Thereafter, the petitioner retained new, substitute counsel and the case was set down for trial on March 25, 1975. At that time the case was adjourned to April 21, 1975. The petitioner, terminally ill for some time, died in the early part of April, 1975.
In Rotante v Lawrence Hosp. (46 AD2d 199), the court reversed an order of the Supreme Court denying a motion by the defendant that the plaintiff’s attorney be disqualified. The defendant’s insurer had retained counsel for the defendant in a negligence action. The defendant’s counsel, after being engaged, but prior to trial, dissolved his firm and obtained employment with the plaintiff’s firm. The defendant’s insurer had been informed of the facts informally and raised no objection. The court reasoned (p 200) that, "While these facts neither indicate nor imply any departure from professional conduct or breach of any ethical canon, we cannot escape the conclusion that this is a situation rife with the possibility of discredit to the Bar and the administration of justice. Obviously Mr. Turkewitz (defendant’s former counsel) cannot erase from his mind the confidences he received from his former client or the plan of defense he envisaged. Though we do not dispute his good faith or the good faith of the firm represent *799 ing plaintiff, both the possibility of conflict of interest and the appearance of it are too strong to ignore.”
In Matter of Kelly (23 NY2d 368, 375-376) the court held, "The representation of conflicting or adverse interests may constitute professional misconduct because a lawyer, as one in a confidential relationship and as any fiduciary, is charged with a high degree of undivided loyalty to his client * * * [citations omitted]. Thus, with rare and conditional exceptions, the lawyer may not place himself in a position where a conflicting interest may, even inadvertently, affect, or give the appearance of affecting, the obligations of the professional relationship, [citations omitted.]”
In Edelmen v Levy (42 AD2d 758), a case with a fact pattern similar to that in Rotante v Lawrence (supra) the court, citing Matter of Kelly (supra), held, "An attorney must avoid not only the fact, but even the appearance, of representing conflicting interests.” (See, also, Island Pa-Vin Corp. v Klinger, 76 Misc 2d 180, 185.)
It is irrelevant that the applicant’s conduct may have been without any conscious or willful violation of any moral, legal, ethical or professional rule. The law holds an attorney to a high standard of professional conduct, which includes the obligation to avoid even the appearance of impropriety. Certainly, the applicant has not succeeded in avoiding such an appearance in the instant case. No amount of purity of motive and of conscience on the part of the applicant will enable him to overcome the heavy burden placed upon him by the rigorous standards of professional conduct which apply to attorney-client relations.
Further, the respondent’s prior consent to the applicant’s representing him, notwithstanding his concurrent representation of petitioner in other legal matters as well, did not result in, and cannot in any way be interpreted as giving rise to, a consent or waiver with respect to the applicant’s proposed representation of the petitioner in future litigation between her and the respondent. The applicant, having undertaken in the past the legal representation of both the petitioner and the respondent, is just as surely and obviously barred from representing either against the other as if both were previous clients who were strangers to one another and one subsequently sought to retain the applicant to commence legal action against the other involving a subject matter about *800 which the applicant had, or might have had, privileged information arising out of prior representation.
In Schwartz v Jones (58 Misc 2d 998, 999) the court held, "Where the attorney is discharged for cause or withdraws without reason, he forfeits his fee * * * When an attorney is denied a fee the authorities speak of it as a penalty visited upon him for misconduct [citation omitted] * * * The measure of the lawyer’s recovery lies in quantum meruit where there is no cause for his discharge in the sense that he breached any obligation to his client [citation omitted].” (See Matter of Montgomery, 272 NY 323; Suffolk Roadways v Minuse, 56 Misc 2d 6, 7.)
In the case at bar, although the attorney withdrew voluntarily, he did so in recognition of the seriousness of the objections to his continued representation. The court must therefore look upon the applicant’s withdrawal as tantamount to a discharge for cause inasmuch as the applicant was, and should have known himself to be, disqualified from representing the petitioner. The applicant is not entitled to a fee and therefore the respondent cannot be ordered to pay any fee.
The application is denied.