OPINION OF THE COURT
Richard S. Lane, J.
Plaintiff seeks by this motion to disqualify counsel for corporate defendant herein.
Plaintiff and individual defendants were formerly associated in the business of B.B.S. Packing Co., Inc. (hereinafter BBS). Individual defendants were principals of BBS and covenanted in writing that, in the event BBS went out of business, they would not compete for certain specified accounts designated as belonging to plaintiff. In this action plaintiff is suing them for breach of that covenant and suing corporate defendant for encouraging and inducing the breach.
*280 Upon receiving corporate defendant’s answer, plaintiff discovered that it was represented by the same counsel who had been and still were counsel for BBS’s assignee for the benefit of creditors. They had solicited the claim which he filed against BBS for unpaid loans and commissions, had discussed the claim with him, and generally had held themselves out as acting on behalf of the creditors. Thus he asserts they owe him a duty of loyalty as his counsel precluding them from simultaneously representing an interest adverse to him in this action.
The assumption upon which plaintiff premises this motion is, of course, erroneous. Whatever may have been the conversations between them, counsel for the assignee for the benefit of creditors was not and is not his counsel as one of the creditors. Indeed insofar as it was counsel’s duty pursuant to article 2 of the Debtor and Creditor Law to require him to prove his claim, they met for the first time in a quasi-adversarial posture. And insofar as conflict of interest between creditors is always a possibility, counsel must continue to keep an appropriate distance between them.
Nothing in the papers before me indicates that counsel overstepped this line, nor even that plaintiff was misled by counsel’s informality. The papers to the contrary reveal that plaintiff had his own attorney on at least one occasion call counsel to inquire into the status of his claim.
So saying, however, does not necessarily dispose of this motion. An assignee for the benefit of creditors takes title to the assets as a trustee for the creditors, and assignee’s counsel must therefore also function in a fiduciary capacity (28 NY Jur, Insolvency, §§ 20-22). There may not be a duty of loyalty but there is certainly a duty of absolute inpartiality and fairness between creditors. Since the papers reveal that corporate defendant is also one of BBS’s creditors, enough has been shown to warrant further consideration of the question of counsel’s conflicting interests.
The command against representation of conflicting interests is most severe and unyielding where the attorney finds himself in a position of being compelled to aid client A against client B. That position is forbidden even though
*281 the subject matter of client A’s claim against client B is not related in any way to his other ongoing activities on behalf of client B (6 NY Jur 2d, Attorneys at Law, § 70; Matter of Sokoloff v Sokoloff, 82 Misc 2d 797; see Greene v Greene, 47 NY2d 447, 451-452).
It is less rigorous, however, where the attorney relates to B not as a client but rather in the nature of cestui que trust — one to whom he owes a fiduciary responsibility. He should not represent A against B where the matter concerns the trust estate (see Matter of Schrauth, 249 App Div 847; see Matter of Tauber on Broadway, 271 F2d 766, Ann., 79 ALR2d 759). Nor should he represent A against B where there is an appearance of impropriety as for instance where he has obtained information in his fiduciary capacity which might redound to B’s disadvantage. In this respect his position is akin to the attorney’s undertaking to represent someone against a former client. He may not if the subject of the pending litigation is substantially related to his previous employment nor may he if in his previous employment he had access to confidential materials affecting the pending litigation. (Cardinale v Golinello, 43 NY2d 288.) He is otherwise not barred (6 NY Jur 2d, Attorneys at Law, § 71; District Council 37 v Kiok, 71 AD2d 587).
Here plaintiff alleges a potential of impropriety in that counsel has had access to BBS’s books. By hypothesis, however, this action pertains solely to a period of time subsequent to the closing of BBS’s books. And certainly the subject matter of this action has nothing to do with concluding the affairs of BBS.
Counsel may zealously discharge his duties to corporate defendant in this action while at the same time being completely faithful to his trust with respect to the creditors of BBS.
Accordingly, the motion to disqualify is denied. Nothing herein, however, shall be deemed to condone and indeed the court has some question concerning the propriety of counsel accepting the retainer from the assignee for the benefit of creditors of BBS when, in his own words: “Your deponent and his firm have for many years been counsel *282 and attorneys to a great number of wholesale meat dealers in the City of New York and have been and are general counsel to no less than twenty (20) of the creditors ofB.B.S. Packing Company, Inc. and have acted as special counsel foi* some of the other creditors.” That issue, however, is not before me.