In the Matter of MACON PRE-STRESSED CONCRETE CO., a/k/a MPC, Debtor.

Bankruptcy No. 84–50896.

United States Bankruptcy Court, M.D. Georgia, Macon Division.

April 11, 1986.

Jerome L. Kaplan, Ward Stone, Jr., Arnall, Golden & Gregory, Macon, Ga., for debtor.

James L. Shores, Jr., Shores & Booker, Birmingham, Ala., for R. Wayne Duke, an unsecured creditor.

Walter H. Bush, Jr., Hansell & Post, Macon, Ga., for unsecured creditors' committee.

John C. Falkenbury, Birmingham, Ala., for James D. Hutton, an unsecured creditor.

## ORDER ON APPLICATION TO APPROVE EMPLOYMENT OF SPECIAL COUNSEL

ROBERT F. HERSHNER, JR., Chief Judge.

On January 27, 1986, Macon Prestressed Concrete Co., Debtor, filed its "Application

to Approve Employment of Special Counsel," and on February 28, 1986, R. Wayne Duke, an unsecured creditor, filed his "Opposition to Application for Appointment of Special Counsel." The application and the objection thereto came on for hearing before the Court on March 28, 1986, and the Court, having considered the evidence presented and the arguments of counsel, now enters this order.

Debtor, in its application, asks the Court to allow it to employ the law firm of Hall, Bloch, Garland & Meyer of Macon, Georgia, (hereinafter the Hall firm) to represent Debtor as special counsel to prosecute the claims that Debtor asserts against R. Wayne Duke and James D. Hutton. Mr. Duke and Mr. Hutton have filed proofs of claim in Debtor's Chapter 11 case, and Debtor asserts its claims against Mr. Duke and Mr. Hutton by way of counterclaims. Mr. Duke objects to the appointment of special counsel to assert the counterclaim against him. Mr. Hutton evidently does not object to the appointment because he has filed no objection. Debtor contends that special counsel is needed because the claims against Mr. Duke and Mr. Hutton are extremely complex and Debtor's Chapter 11 counsel do not have the expertise necessary to handle the claims asserted against Mr. Duke and Mr. Hutton. Debtor is represented in its Chapter 11 case by the Macon office of the law firm of Arnold, Golden & Gregory, and it is apparent that for that firm to handle the counterclaims which Debtor asserts against Mr. Duke and Mr. Hutton, it would be necessary for counsel from the Atlanta office of Arnold, Golden & Gregory to be brought into the case. Debtor contends that this would result in added expense to the bankruptcy estate, and that it is economically essential for it to employ Macon counsel. Debtor asserts that it is familiar with the Hall firm and deems that firm well qualified to represent Debtor's interest.

Mr. Duke, in support of his opposition to the appointment, points out that Walter H. Bush, Jr., attorney for the unsecured creditors' committee in Debtor's Chapter 11 case, was at the time of his appointment to that position a partner in the Hall firm. Mr. Bush is no longer a partner in the Hall firm and was not a member of that firm at the time Debtor made its application to employ the Hall firm as special counsel. Mr. Bush is being paid a sum certain by the Hall firm on a monthly basis to compensate him for his interest in that firm's capital account and accounts receivable. Mr. Duke contends that appointment of the Hall firm would create an appearance of impropriety and is at conflict with the best interest of Debtor's bankruptcy estate. Mr. Duke further urges that the appointment would waste the bankruptcy estate's assets and unjustly benefit the officers and directors of Debtor who are defending against claims of fraud brought against them in the State of Alabama.

■ Section 327(a) of the Bankruptcy Code provides:

(a) Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C.A. § 327(a) (West 1979).

Mr. Bush, while a partner in the Hall firm, was appointed pursuant to section 327(a) to represent the unsecured creditors' committee, and the question presented is whether that firm may now be appointed under section 327(a) as special counsel to represent Debtor since Mr. Bush is no longer a member of the Hall firm. By order dated September 4, 1984, Mr. Duke was appointed by this Court to be a member of the unsecured creditors' committee, which Mr. Bush represents. It is apparent that Mr. Duke's interests are not the same as the other members of the unsecured creditors' committee because while he holds an unsecured claim against Debtor, Debtor is asserting a substantial counterclaim against him. While the Court need not

decide, it would appear that were Mr. Bush still a member of the Hall firm, that firm and consequently any member of that firm would be prohibited from being employed by Debtor to handle the counterclaim against Mr. Duke.

Since Mr. Bush is not now a member of the Hall firm, can that firm now be appointed to represent Debtor in its counterclaim against Mr. Duke? A review of the time itemizations filed by Mr. Bush in support of his interim fee awards as attorney for the unsecured creditors' committee, discloses that the present members of the Hall firm have never rendered any attorney services to the unsecured creditors' committee.

Under the two-prong test of section 327(a), the Hall firm must hold no interest adverse to Debtor's bankruptcy estate and must be a disinterested party. The Hall firm holds no interest adverse to Debtor's bankruptcy estate and is disinterested as that term is defined in section 101(13) of the Bankruptcy Code.[1] In the Court's view, Mr. Bush's prior association with the Hall firm does not disqualify that firm from representing Debtor under the provisions of section 327(a).

■ The Court also may disqualify a law firm under the ABA Code of Professional Responsibility. The ABA Code of Professional Responsibility governs the conduct of lawyers practicing before the federal courts, and it is a guideline for the federal courts to follow in the regulation of their affairs. *Brennan's, Inc. v. Brennan's Restaurants, Inc.,* 590 F.2d 168, 172 n. 15 (5th Cir.1979); *Woods v. Covington County Bank,* 537 F.2d 804, 810 (5th Cir. 1976). The ABA Code of Professional Responsibility likewise governs the disqualification of attorneys in bankruptcy proceedings. *Kraft, Inc. v. Alton Box Board Co. (In re Corrugated Container Antitrust Litigation),* 659 F.2d 1341, 1349 (5th Cir. Oct. 29, 1981) (Unit A); *In re Philadelphia Athletic Club, Inc.,* 20 B.R. 328 at 335 (E.D.Pa.1982).

■ Canon 9 of the ABA Code of Professional Responsibility provides that a lawyer shall avoid "even the appearance of professional impropriety." It is not sufficient that an attorney or trustee actually be disinterested; the appearance of being disinterested also must be preserved. *In re Philadelphia Athletic Club, Inc.,* 20 B.R. at 335; *In re Perry, Adams & Lewis Securities, Inc.,* 5 B.R. 63, 64 (Bankr.W.D.Mo. 1980). For the Court to decline to appoint the Hall firm under Canon 9, there must be a showing that there is a "reasonable possibility of the occurrence of 'specifically identifiable appearance of improper conduct,' and that the 'likelihood of public suspicion or obloquy outweighs the social interest' in obtaining counsel of one's choice." *Kraft, Inc. v. Alton Box Board Co.,* 659 F.2d at 1345. In regard to the first prong of the test, the Court should "view the conduct as an informed and concerned private citizen and judge whether the reputation of the Bar would be lowered if the conduct were permitted." *In re Philadelphia Athletic Club, Inc.,* 20 B.R. at 335.

■ The Court is persuaded that there is no reasonable possibility of the appearance of improper conduct. In reaching this conclusion, the Court notes that the present members of the Hall firm have never rendered services to the unsecured creditors' committee, and the Court further notes that Mr. Bush has no present connections with the Hall firm other than a definite contractual arrangement which apparently is in compliance with the canons of professional responsibilities.

■ Mr. Duke contends that the employment of the Hall firm as special counsel will waste the bankruptcy estate's assets and benefit personally the Debtor's officers and directors. From a review of the record before it, the Court is unable to make such a finding. Retention of Macon counsel as opposed to Atlanta counsel is economically justified because it will avoid travel costs and the higher rates charged by Atlanta counsel.

---

1. 11 U.S.C.A. § 101(13) (West 1979).

Accordingly; it is

ORDERED that the Application to Approve Employment of Special Counsel filed by Macon Prestressed Concrete Co., Debtor, on the 27th day of January, 1986, is hereby granted; and it is further

ORDERED that the Opposition to Application for Appointment of Special Counsel filed by R. Wayne Duke on the 28th day of February, 1986, is hereby overruled.