In the Matter of GLOBAL VIDEO COMMUNICATIONS CORPORATION, Debtor.

Andrea A. RUFF, Trustee, Plaintiff,

v.

James D. IVEY, et al., Defendants.

Bankruptcy No. 85–0320–BKC–6P7. Adv. No. 87–0347.

United States Bankruptcy Court, M.D. Florida, Orlando Division.

Aug. 10, 1989.

David M. Landis, Orlando, Fla., for Jerome Kurtz.

Jonathan B. Cole, Sherman Oaks, Cal., for defendants.

Andrea A. Ruff, Orlando, Fla., trustee.

Robert F. Anderson, Columbia, S.C., for Andrea A. Ruff, Trustee.

Kathleen Horne, Savannah, Ga.

Richard B. Webber, II, Orlando, Fla.

Larry Kosto, Orlando, Fla.

David R. McFarlin, Orlando, Fla., for Sun Bank.

David Simmons, Orlando, Fla.

William F. Lawless, Altamonte Springs, Fla.

Frank Baker, Mariana, Fla.

Robert W. Scholz, Atlanta, Ga.

Raymond Rotella, Orlando, Fla.

---

## ORDER ON MOTION TO DISQUALIFY JONATHAN COLE AS ATTORNEY FOR ANY DEFENDANTS

ROBERT F. HERSHNER, Jr., Chief Judge.

Before the Court is the "Motion to Disqualify Jonathan Cole as Attorney for Any Defendants" filed by Andrea A. Ruff, Trustee, on May 9, 1989. Trustee requests the Court to disqualify Jonathan Cole (Cole) from serving as counsel for Defendant Jerome Kurtz (Kurtz) and other defendants because of Cole's prior representation of Global Video Communication Corporation, Debtor. The motion came on for hearing on July 19, 1989. The Court, having considered the arguments of counsel and the evidence presented, now enters this order.

In May 1982, Cole was retained by Kurtz to represent Kurtz, Debtor, and other corporate defendants in a state court action in California.[1] Cole represented Kurtz, Debtor, and other defendants from May 1982 until May 1983, and again from November 1984 until the state court action was settled in 1986. The action arose because of conflicts of interest between Kurtz's responsibilities as an officer and employee of Vidtronics Company and Kurtz's ownership of Debtor. Debtor and Vidtronics were competitors. Kurtz was an officer, full-time employee and director of Vidtronics Company. He was also president and a fifty percent stockholder in Debtor.

Cole states that the only reason Debtor was made a defendant in the California action was because Kurtz failed to disclose to Vidtronics Corporation that Kurtz owned a one-half ownership interest in Debtor. Cole alleges that the California action had "absolutely nothing whatsoever" to do with the claim being advanced by Trustee. Cole states that he did not become privy to any

---

**1.** Trustee filed a "Memorandum in Support of Motion to Disqualify Jonathan Cole as Attorney for Any Defendants" on May 9, 1989. Attached to the memorandum are "Substitution of Attorney" forms signed by Cole showing that Cole represented Kurtz, Debtor, HI–HO Broadcasting Corporation of Wyoming, Global Vision Corporation, and Consolidated Entertainment, Inc., in the California litigation.

Cole's memorandum and affidavit filed on July 5, 1989 in opposition to Trustee's motion shows that Cole represents Kurtz, Video Vision, Inc., Global Vision, Inc., Western Horizon Films, Inc., Consolidated Entertainment, Inc., Global Vision Corporation, and Southland Video, Inc. in this adversary proceeding.

secrets, confidences or other information about Debtor that did not come directly from Kurtz. Cole alleges that he knows nothing about Debtor which Kurtz will not be able to tell another attorney should Cole be disqualified. Finally, Cole contends that Trustee waited too long after Trustee knew that he had previously represented Debtor to raise the issue of disqualification.

Trustee urges that the California action involved causes of action based upon misconduct of Kurtz and other officials of Debtor during the same time period and relating to the same instances of misconduct as Trustee is now pursuing on behalf of Debtor. Trustee alleges that Kurtz breached his fiduciary duty to Vidtronics by directing it to transact business with Debtor on terms detrimental to Vidtronics. Trustee's complaint against Kurtz alleges, in part, that Kurtz transferred Debtor's assets to other entities owned by Kurtz which rendered Debtor unable to pay its debts, rendering it insolvent. Trustee has not given Cole permission to represent Kurtz and the other defendants in this litigation.

■■■■ The American Bar Association's Code of Professional Responsibility governs the conduct of lawyers practicing before the federal courts, and it is a guideline for the federal courts to follow in the regulation of their affairs. *Brennan's, Inc. v. Brennan's Restaurants, Inc.*, 590 F.2d 168, 172 n. 5 (5th Cir.1979); *Woods v. Covington County Bank*, 537 F.2d 804, 810 (5th Cir.1976). The American Bar Association's Code of Professional Responsibility is applicable to the disqualification of attorneys in bankruptcy proceedings. *Kraft, Inc. v. Alton Box Board Co. (In re Corrugated Container Antitrust Litigation)*, 659 F.2d 1341, 1349 (5th Cir. Unit A Oct. 29, 1981); *In re Macon Prestressed Concrete Co.*, 61 B.R. 375, 378 (Bankr.M.D.Ga. 1986) (citations omitted).

■■■■ Canon 4 of the Code of Professional Responsibility provides: "A Lawyer Should Preserve the Confidences and Secrets of a Client." Model Code of Professional Responsibility Canon 4 (1980). Canon 4 prevents a lawyer from representing a client in a legal action against one of his former clients where there is a substantial relationship between the two representations.[2] *Kraft, Inc.*, 659 F.2d at 1344; *Banque De Rive, S.A. v. Highland Beach Development Corp.*, 758 F.2d 559, 561 (11th Cir.1985); *Ludwig v. Coldwell, Banker & Co. (In re Barton & Ludwig)*, 9 B.R. 222, 224 (Bankr.N.D.Ga.1981). To be substantially related to a pending action, the prior legal representation "need only be akin to the present action in a way reasonable persons would understand as important to the issues involved." *Kraft, Inc.*, 659 F.2d at 1346. If a substantial relationship is found, a conclusive presumption arises that confidential information has been given to the attorney. *Id.* at 1347. *See also Duncan v. Merrill Lynch, Pierce, Fenner & Smith*, 646 F.2d 1020, 1028 (5th Cir. Unit B June 1981), *cert. denied*, 454 U.S. 895, 102 S.Ct. 394, 70 L.Ed.2d 211 (1981). Under the substantial relationship test, doubts on the existence of a conflict of interest should be resolved in favor of disqualification. *In re Whitney–Forbes, Inc.*, 31 B.R. 836, 838–39 (Bankr.N.D.Ill.1983). "It is not sufficient that an attorney ... actually be disinterested; the appearance of being disinterested also must be preserved." *In re Macon Prestressed Concrete Co.*, 61 B.R. at 378. Plaintiff bears the burden of proving that the present and prior representations are substantially related. *Duncan*, 646 F.2d at 1028.

■■■■ Canon 9 of the Code of Professional Responsibility provides: "A lawyer should avoid even the appearance of professional impropriety." Model Code of Professional Responsibility Canon 9 (1980). Part of the test for disqualification under Canon 9 calls

---

**2.** The rationale for disqualifying a lawyer under Canon 4 is stated by the court in *Brennan's, Inc.* as follows:

> The obligation of an attorney not to misuse information acquired in the course of representation serves to vindicate the trust and reliance that clients place in their attorneys. A client would feel wronged if an opponent prevailed against him with the aid of an attorney who formerly represented the client in the same matter. As the court recognized in *E.F. Hutton & Co. v. Brown*, 305 F.Supp. 371, 395 (S.D.Tex.1969), this would undermine public confidence in the legal system as a means for adjudicating disputes....

590 F.2d at 172.

for a weighing of the likelihood of public suspicion. *Kraft, Inc.,* 659 F.2d at 1348.

 The Court is of the opinion that Cole's prior representation of Debtor is substantially related to the allegations presented in Trustee's complaint. The fact that Kurtz may be able to tell another attorney everything which Cole knows about Debtor is not a defense to Cole's disqualification. Cole is disqualified because his prior representation of Debtor is substantially related to allegations in Trustee's complaint. The Court believes that it is necessary to disqualify Cole from representing Kurtz and the other defendants to avoid the appearance of professional impropriety. Trustee requested that Cole not represent Kurtz in March 1988. Cole refused to withdraw on March 8, 1988. The Court notes the complexity of facts and legal issues presented in Trustee's second amended complaint filed on March 3, 1989. Trustee moved to disqualify Cole two months later on May 9, 1989. The Court does not believe Cole has presented sufficient reasons or authority to support his defense that this delay overrides the applicable canons of ethics.

The Court notes in closing that it does not question the good faith of Cole. The canons of ethics are guidelines for professional conduct, and public confidence in the judicial system demands that they be strictly applied.

The Court is persuaded that Jonathan Cole is disqualified in this adversary proceeding, and that he accordingly will no longer be permitted to represent any defendants in this adversary proceeding.

Accordingly; it is

ORDERED that the "Motion to Disqualify Jonathan Cole as Attorney for Any Defendants" filed by Trustee on May 9, 1989 hereby is granted; and it is further

ORDERED that Jonathan Cole hereby is disqualified in this adversary proceeding.

SO ORDERED.