**Frank J. McPARTLAND, and Economic & Investment Technologies, Inc., Plaintiffs,**

v.

**ISI INVESTMENT SERVICES, INC., F/K/A Investment Services Holding Corp., Defendant.**

**No. 95–704–CIV–T–17E.**

United States District Court, M.D. Florida, Tampa Division.

June 30, 1995.

**1030**

Terrence Scott Buchert, Cohrs, McQueen & Ford, P.A., St. Petersburg, FL, for plaintiffs.

Robert MacFarlane Mayer, Kelley, Drye & Warren, Miami, FL, for defendant.

### ORDER ON PLAINTIFFS' MOTION TO DISQUALIFY KELLEY DRYE & WARREN

KOVACHEVICH, District Judge.

This cause of action is before the Court on Plaintiffs' Motion to Disqualify Kelley Drye & Warren (KDW). Plaintiffs claim that KDW has, at times, represented Mr. McPartland, Economic & Investment Technologies, Inc. (EIT), and ISI Investment Services, Inc. (ISI).

This representation is asserted to be sometimes concurrent and at other times discrete. Plaintiffs aver that during KDW's representation of McPartland and EIT, KDW acquired confidential information which, if used by KDW in the current dispute, would be advantageous to ISI. Plaintiffs profess that the matters embraced in the current action are substantially related to matters involving KDW's previous representation of McPartland and EIT.

The dispute described in Plaintiffs' Complaint allegedly arose out of discussions and agreements between Plaintiffs and ISI regarding the terms of two (2) documents attached to the Complaint as Exhibits "A" and "B." The terms of Exhibit "A" address the payment to McPartland of specified amounts in settlement of an employment agreement. Exhibit "B" relates to an agreement to pay EIT specified amounts over a three (3) year period for services and products to be provided by EIT to ISI.

The professional conduct of all members of the Bar of this Court is governed by the Model Rules of Professional Conduct of the American Bar Association, as modified and adopted by the Supreme Court of Florida. Rule 2.04(c), Local Rules of the Middle District. While the Code of Professional Conduct does not contain an express provision prohibiting the appearance of impropriety, Florida law clearly retains this requirement. In *State Farm Mut. Auto. Co. v. K.A.W.*, 575 So.2d 630, 633 (Fla.1991), the Florida Supreme Court ruled that attorneys must still avoid the appearance of professional impropriety. It has been held that "even an appearance of impropriety may, under the

appropriate circumstances, require prompt remedial action from the court ... Consequently, any doubt is to be resolved in favor of disqualification." *Rentclub, Inc. v. Transamerica Rental Finance Corp.*, 811 F.Supp. 651, 654 (M.D.Fla.1992).

■ The precedent governing the instant issue is clear. To prevail on a motion to disqualify, the movant must show: 1) the existence of a prior attorney/client relationship and 2) that the matters in the pending suit are substantially related to the previous matter or cause of action. *Smalley Transp. Co. v. Prime Computer, Inc.*, 137 F.R.D. 397, 398 (M.D.Fla.1991); *Cox v. American Cast Iron Pipe Co.*, 847 F.2d 725, 728 (11th Cir. 1988); *Duncan v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.*, 646 F.2d 1020, 1028 (5th Cir. (Fla.) 1981), *cert. denied*, 454 U.S. 895, 102 S.Ct. 394, 70 L.Ed.2d 211 (1981).[1]

■ In the case at bar, KDW disputes whether there was ever an attorney/client relationship between KDW and McPartland. McPartland asserts that he repeatedly sought personal legal advice from Mr. Brodrick, a member of the KDW firm. In determining whether an attorney/client relationship existed, the court may focus on the subjective expectation of the client that he is seeking legal advice. *Smalley* at 399 (citing *Glover v. Libman*, 578 F.Supp. 748, 757 (N.D.Ga.1983)). Clearly from the Plaintiff's Motion to Disqualify Kelley Drye & Warren (Docket No. 8), McPartland states that he repeatedly sought legal advice from Mr. Brodrick, a representative of KDW, and claims that Mr. Brodrick provided such legal advice. Therefore, under guidance from *Glover*, McPartland's Motion to Disqualify leaves little doubt that McPartland consulted KDW for legal advice. The law does not require a long-term or complicated attorney/client relationship to fulfill the first prong of the test for disqualification. The weight of the evidence indicates an attorney/client relationship existed between McPartland and Brodrick, and the Court, for the purposes of the Plaintiffs' Motion to Disqualify, therefore finds such a relationship. The parties do not dispute that there was a attorney/client relationship between EIT, the other Plaintiff, and KDW.

■ Having satisfied the first prong for disqualification, the Court must consider the second prong: whether the matters handled by KDW in the past for McPartland and EIT were substantially related to the disputes in the case at bar. To be "substantially related" the matters "need only be akin to the present action in a way reasonable persons would understand as important to the issues involved." *In re Corrugated Container Antitrust Litigation*, 659 F.2d 1341, 1346 (5th Cir.1981); *Ruff v. Ivey*, 102 B.R. 868 (Bankr. M.D.Fla.1989).

McPartland asserts that Broderick (and therefore KDW) provided legal advice to McPartland regarding modification and acceptance of Exhibits "A" and "B." This advice was allegedly provided to McPartland at the same time KDW was representing ISI as general counsel regarding the drafting and finalization of the same documents. Therefore, as to McPartland, not only were the matters "substantially related," the matters were identical.

■ KDW represented EIT in obtaining funding through the drafting and issuance of offering memoranda to potential investors. This representation of EIT poses the question to this Court whether the matters of EIT obtaining funding and the substance of the Exhibits are "akin to the present action in a way reasonable persons would understand as important to the issues involved." *Id.* It is not unreasonable that a customer might consider the financial stability and wherewithal of a supplier when contracting to purchase goods and services over an extended period of time (the subject of Exhibit "B"). Since "any doubt is to be resolved in favor of disqualification," the conservative position most likely to achieve justice is for this Court to hold that the matters were "substantially related." *Rentclub Inc.*, at 654.

---

**1.** The Eleventh Circuit in *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir.1981) (en banc) declared that decisions of the former Fifth Circuit rendered prior to October 1, 1981 are binding on this Circuit.

This Court, having found a substantial relationship between the instant case in which KDW represents ISI and both the McPartland and EIT issues, arrives at a irrebuttable presumption that confidential information was disclosed to KDW by both McPartland and EIT. Therefore, current counsel for ISI must be disqualified. *Duncan* at 1028. Further, the disqualification of even one attorney, such as Mr. Brodrick, at KDW necessitates the disqualification of the firm as a whole. Rule 4–1.10(a) of the Rules of Professional Conduct, Rules Regulating the Florida Bar, entitled "Imputed Disqualification of All Lawyers in Firm," clearly applies. This rule provides that "While lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by rule ... 4–1.9." The Florida Supreme Court has ruled that "a lawyer's ethical obligations to former clients generally require disqualification of the lawyer's entire firm where any potential for conflict arises." *Castro v. State*, 597 So.2d 259, 260 (Fla.1992).

It is this Court's duty to not only dispense justice, but, equally as important, to maintain the integrity of the judicial system. The public's trust and confidence in the system is essential to the ability of the system to function efficiently and justly. As this Court previously noted, "even an appearance of impropriety may, under the appropriate circumstances, require prompt remedial action from the court ... Consequently, any doubt is to be resolved in favor of disqualification." *Rentclub, Inc.,* at 654. Accordingly, it is

**ORDERED** that Kelley Drye & Warren be **disqualified** from representing the Defendant in this cause of action and the Defendant **shall have** thirty (30) days from the date of this order to obtain new counsel and have that counsel file a notice of appearance with this Court. This Court reminds the Defendant that a corporation is required by the local rules to proceed with counsel, so failure to file a notice of appearance may result in the imposition of sanctions, even including entry of default. It is further

**ORDERED** that all other outstanding motions be denied, with leave to refile if appropriate within fifteen (15) days of appearance by new counsel.

**DONE AND ORDERED.**