Alfred L. **BOCHESE**,

v.

**TOWN OF PONCE INLET**, Defendant.

No. 602CV1253ORL28JGG.

United States District Court,
M.D. Florida,
Orlando Division.

May 27, 2003.

Paul Michael Meredith, Paul M. Meredith, P.A., Palatka, FL, for plaintiff.

Michael J. Roper, Ernest H. Kohlmeyer, III, Bell, Leeper & Roper, P.A., Orlando, FL, for defendant.

## ORDER

GLAZEBROOK, United States Magistrate Judge.

This cause came on for an evidentiary hearing on May 9, 2003 [Docket Nos. 32 (minutes), 33 (exhibit list), 36 (transcript) ] on the following motion:

**MOTION: PLAINTIFF'S MOTION TO DISQUALIFY ATTORNEYS ERNEST H. KOHLMYER, III AND MICHAEL J. ROPER AND THE LAW FIRM OF BELL, LEEPER & ROPER, P.A. [Docket No. 21]**

**FILED: April 4, 2003**

**THEREON** it is **ORDERED** that the motion is **DENIED**.

## I. THE ISSUES

Alfred L. Bochese ["Bochese"] sues the Town of Ponce Inlet ["Ponce Inlet"] under 28 U.S.C. § 1983 seeking more than $100,000 for a deprivation of his federal constitutional rights under color of state law. Docket No. 1. Specifically, Bochese alleges that Ponce Inlet violated his rights under Article 1, Section 10, and the First, Fourth, and Fourteenth Amendments by maintaining a custom and policy of retaliating against whistle-blowers who report public corruption. Docket No. 1.

Bochese owns or owned property in the Town of Ponce Inlet. The town council of Ponce Inlet re-zoned Bochese's property in a manner favorable to Bochese. Based on the re-zoning, Bochese states that he entered into a contract to sell the property for $950,000. Subsequently, the town council changed its zoning decision. Bochese alleges that this caused his buyer to

back out of the sale, and caused him a significant loss of potential revenue.

Bochese alleges that the town council intentionally changed the zoning to his detriment in retaliation for Bochese's having given information to federal and state law enforcement agents. The agents were investigating alleged misconduct on the part of Ponce Inlet officials. Bochese allegedly told the agents about misconduct involving Ponce Inlet's noncompliance with Federal Emergency Management Agency ["FEMA"] regulations and reporting requirements. Bochese claims that the information that he gave to the agents resulted in criminal charges against two town officials.

In addition, Bochese alleges that the town retaliated against him for voicing concerns about the appointment of attorney Theodore Doran ["Doran"] as town attorney. According to Bochese, Doran had conflicts of interest with the town, and should never have been appointed town attorney. Doran was part-owner of the Harbor Inlet Restaurant, a valuable piece of real estate. Bochese alleges that Ponce Inlet falsely reported to FEMA that Doran's restaurant complied with FEMA regulations.

Bochese has filed a motion to disqualify Ponce Inlet's attorneys Ernest H. Kohlmyer, III and Michael J. Roper ["Kohlmyer" and "Roper"], as well as their law firm, Bell, Leeper & Roper, P.A. Docket No. 21. Kohlmyer and Roper have represented Ponce Inlet in other cases, at least one of which involved the town's compliance with FEMA regulations. Bochese's motion to disqualify alleges that Kohlmyer and Roper were directly involved in developing the FEMA strategy for Ponce Inlet, including a scheme to deceive federal authorities.

At the hearing on the motion to disqualify, counsel for Bochese, Paul Meredith, orally accused attorneys Roper and Kohl-myer of knowingly assisting and directing the falsification of reports submitted to FEMA for the benefit of their former client, Theodore Doran. Doran was a part-owner of the Harbor Inlet Restaurant in Ponce Inlet. Bochese claims that attorneys Kohlmyer and Roper should be disqualified because they are indispensable witnesses for Ponce Inlet in this case; because the attorneys' testimony will be materially adverse to the interests of Ponce Inlet; because the attorneys have represented Ponce Inlet officials on matters that involve issues directly related to this case; and because the attorneys have advanced inconsistent defenses on behalf of Ponce Inlet in other cases that would tend to shift liability from individual Ponce Inlet officials to the town of Ponce Inlet itself. Docket No. 21, ¶¶ 6, 7 and 10.

Bochese's motion cites case law regarding disqualification of attorneys under various circumstances, but the motion cites none of the Rules Regulating the Florida Bar. At the evidentiary hearing on the motion to disqualify, counsel for Bochese agreed that the Court should apply Rule 4.3–7 (Lawyer as Witness); Rule 4–1.7 (Conflict of Interest; General Rule); and Rule 4–1.9 (Conflict of Interest; Former Client).

## II. THE LAW

■ The Model Rules of Professional Conduct of the American Bar Association (as modified and adopted by the Supreme Court of Florida to govern the professional behavior of the members of the Florida Bar) govern the professional conduct of members of the bar of the United States District Court for the Middle District of Florida. Local Rule 2.04(c) (2002). The Rules Regulating the Florida Bar (also known as the Florida Rules of Professional Conduct) replaced the Florida Code of Professional Responsibility as of January

1, 1987. *See The Florida Bar Re Rules Regulating the Fla. Bar*, 494 So.2d 977 (Fla.), *opinion corrected by* 507 So.2d 1366 (Fla.1986). Although highly persuasive, the decisions of the Supreme Court of Florida are not binding upon the United States District Court for the Middle District of Florida in interpreting the Rules Regulating the Florida Bar because "this court must retain the right to interpret and apply the rules in a federal setting." *See In re Disciplinary Proceedings of John Doe*, 876 F.Supp. 265, 269 n. 5 (M.D.Fla.1993).

Rule 4–3.7 of the Rules Regulating the Florida Bar governs lawyers as witnesses and when lawyers may testify. Rule 4–3.7 states that:

(a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness on behalf of the client except where:

(1) the testimony relates to an uncontested issues;

(2) the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony.

(3) the testimony relates to the nature and value of legal services rendered in the case; or

(4) disqualification of the lawyer would work substantial hardship on the client.

(b) A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by rule 4–1.7 or 4–1.9.

*See* Rules Regulating the Florida Bar, Rule 4–3.7.

Rule 4–1.7 of the Rules Regulating the Florida Bar governs general conflicts of interest including representing adverse interests, and the duty to avoid limitation on independent professional judgment. Rule 4–1.7 provides, in part, that:

(a) A lawyer shall not represent a client if the representation of that client will be directly adverse to the interests of another client, unless:

(1) the lawyer reasonably believes the representation will not adversely affect the lawyer's responsibilities to and relationship with the other client; and

(2) each client consents after consultation.

(b) A lawyer shall not represent a client if the lawyer's exercise of independent professional judgment in the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person or by the lawyer's own interest, unless:

(1) the lawyer reasonably believe the representation will not be adversely affected; and

(2) the client consents after consultation.

*See* Rules Regulating the Florida Bar, Rule 4–1.7.

Rule 4–1.9 of the Rules Regulating the Florida Bar governs disqualification for conflicts of interest with a former client. Rule 4–1.9 provides that:

[a] lawyer who has formerly represented a client in a matter shall not thereafter:

(a) represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation; or

(b) use information relating to the representation to the disadvantage of the former client except as rule 4–1.6 would permit with respect to a client or when the information has become generally known.

*See* Rules Regulating the Florida Bar, Rule 4–1.9.

▮ In order to prevail in a motion to disqualify under Rule 4–1.9, the movant must establish: 1.) the existence of a prior attorney/client relationship with the movant; and 2.) that the matters in the pending suit are substantially related to the previous matter or cause of action. *See McPartland v. ISI Investment Services, Inc.,* 890 F.Supp. 1029, 1031 (M.D.Fla. 1995) (citing *Cox v. American Cast Iron Pipe Co.,* 847 F.2d 725, 728 (11th Cir. 1988)). Where there is an attorney-client relationship, the law creates an irrebuttable presumption that confidences have been disclosed between the attorney and the client. *See State Farm Mut. Auto. Ins. Co. v. K.A.W.,* 575 So.2d 630, 633—34 (Fla.1991). The presumption is irrebuttable because it is difficult to establish that confidences were actually disclosed to an opponent, and because such a situation is "rife with the possibility of discredit to the bar and the administration of justice." *Id.* at 634 (citing *Rotante v. Lawrence Hosp.,* 46 A.D.2d 199, 200, 361 N.Y.S.2d 372, 373 (1974)).

## III. APPLICATION

### A. Rule 4–3.7 Lawyer as Witness

▮ Bochese has failed to show that either lawyer is likely to be a necessary witness on behalf of Ponce Inlet within the meaning of Rule 4–3.7. In order to prevail at trial on his § 1983 claim against the town, Bochese intends to prove that the town of Ponce Inlet has a custom or policy of violating citizens' constitutional rights— of retaliating against "whistle-blowers" who report misconduct by town officials. Bochese argues that the testimony of Roper and Kohlmyer is necessary to prove the custom and policy of official misconduct

and retaliation because the lawyers participated in, assisted with, and directed the official misconduct. Specifically, Bochese alleges that Roper and Kohlmyer were directly involved in developing the town's "FEMA strategy." Bochese further alleges that Roper and Kohlmyer knowingly withheld important information from an engineer whom they had retained in another case to express an expert opinion about whether the Harbor Inlet Restaurant complied with FEMA regulations.

Bochese made no showing at the disqualification hearing that Ponce Inlet had a "FEMA strategy," or that Roper and Kohlmyer played a role in developing or executing that strategy. Roper and Kohlmyer both testified that they were not involved in the development of any FEMA strategy for Ponce Inlet.[1]

The sole connection that Bochese did establish between Roper and Kohlmyer and the town's handling of FEMA matters is as follows. Roper and Kohlmyer defended Ponce Inlet officials in an earlier lawsuit that had been brought against the officials individually. That case was captioned *Anthony Albuquerque and Elmer Marsh v. Theodore Doran, Donald Hampton, William P. Hoak, Tami Lewis and Frank Rogerson,* and was filed in the Circuit Court of the Seventh Judicial Circuit in Volusia County, Florida, Case No.2001 32309 CICI [the "*Albuquerque*" case]. In that case, Roper and Kohlmyer retained an expert engineer and architect, Roger A. Repstein ["Repstein"], to express an expert opinion as to whether the Harbor Inlet Restaurant was in compliance with FEMA regulations. Repstein issued an expert report containing his opinion on FEMA compliance, and the report became part of the record in the *Albuquerque* case.

---

1. The attorney client privilege barred detailed questioning into Roper and Kohlmyer's discussions with town officials. Counsel for Bochese attempted to circumvent the privilege under the criminal fraud exception, but failed to prove a crime or fraud.

Repstein's expert report was later attached to the town's FEMA report on the Harbor Inlet Restaurant. At the disqualification hearing, Kohlmyer credibly testified as to how this came about. A town official had called Kohlmyer to inquire about the Repstein report. The official asked if he could have a copy of the report. Kohlmyer told the official that his secretary would fax a copy of the report. Kohlmyer testified that he was aware that this particular town official was responsible for reporting to FEMA. However, Kohlmyer denied that he had any further involvement in the town's FEMA report on the Harbor Inlet Restaurant. Kohlmyer credibly testified that he was not aware that a copy of Repstein's report was attached to the town's FEMA report.

Bochese also accuses Roper and Kohlmyer of directing the submission of a fabricated report to FEMA regarding the Harbor Inlet Restaurant by purposefully and knowingly withholding necessary information from Repstein in the *Albuquerque* case. Specifically, Bochese alleges that Roper and Kholmyer purposely did not submit to Repstein a document that sets forth the appraised values of each of the buildings on the Harbor Inlet Restaurant property, and that the relative values of the buildings was necessary for an expert opinion on FEMA compliance. At the hearing, Repstein testified that he did not have such a document when he completed his report. Repstein agreed that if one of the buildings had been improved by more than 50%, then it would have violated FEMA regulations.

Nevertheless, Ponce Inlet correctly contends that it is up to an expert to request and obtain any information he finds necessary to form an expert opinion. It is not incumbent on the attorneys to do so.

Kohlmyer testified that he had given Repstein the documentation that he had in his possession,[2] and had instructed Repstein to contact him if further information or documents would be necessary to produce the report. Both Kohlmyer and Repstein testified that Repstein made no request for additional documents.

Bochese has not met his burden of showing that Roper and Kohlmyer are witnesses necessary to prove that the town of Ponce Inlet had a custom and policy of official misconduct and retaliation. Even if Bochese could show that both are necessary witnesses, disqualification of the two lawyers would work substantial hardship on the client, Ponce Inlet. The two lawyers are familiar with many of the issues raised in this case. Rule 4–3.7 does not require the disqualification of Kohlmyer and Roper.

### B. Rule 4–1.7 and Rule 4–1.9 (Conflict of Interest)

 Neither Rule 4–1.7 nor Rule 4–1.9 requires the disqualification of Kohlmyer and Roper. Bochese makes no claim that Roper and Kohlmyer ever represented him. Rather, Roper and Kohlmyer previously represented Ponce Inlet town officials Theodore Doran, Donald Hampton, William P. Hoak, Tami Lewis, and Frank Rogerson as individuals in another case. After consultation, the former clients have expressly consented to Roper and Kohlmyer representing the town of Ponce Inlet in the present case. *See* Docket No. 34. Roper and Kohlmyer have assured the Court that they will not use information relating to the representation of the former clients to the disadvantage of the former clients. No further inquiry is required.

---

**2.** Meredith directed Kohlmyer to a deposition transcript from another case to which the allegedly withheld document was attached. Kohlmyer testified that he trusted the court record to be accurate, but he did not recall being in possession of the specific document.

Even absent waiver and consent, no disqualification would be required. Roper and Kohlmyer's present representation of the town of Ponce Inlet is not in a substantially related matter. Although some facts in the *Albuquerque* case may be relevant in this case, the *Albuquerque* case involved different plaintiffs, different defendants, and for the large part, different legal issues. Even if the cases were substantially related, Ponce Inlet's interests are not materially adverse to the interests of the former clients, town officials of Ponce Inlet. Neither Rule 4.1–7 (conflict of interest; general rule) nor Rule 4–1.9 (conflict of interest; former client) requires the disqualification of attorneys Roper and Kohlmyer, or the law firm of Bell, Leeper & Roper.

## IV. CONCLUSION

Accordingly, it is **ORDERED** that plaintiff's Motion to Disqualify Attorneys Ernest H. Kohlmyer, III, Michael J. Roper and the law firm of Bell, Leeper & Roper, P.A. is **DENIED**.