# Third District Court of Appeal

## State of Florida

Opinion filed August 27, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0474
Lower Tribunal No. 23-26281-CA-01
_____

**Earl Takefman,**
Appellant,

vs.

**The Pickleball Club, LLC, et al.,**
Appellees.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Lisa S. Walsh, Judge.

Earl Takefman, in proper person.

Nelson Mullins Riley & Scarborough, LLP, and Scott N. Sherman (Atlanta, GA) and Joshua R. Lewin, for appellees.

Before EMAS, LINDSEY and BOKOR, JJ.

PER CURIAM.

Earl Takefman appeals the trial court's denial of his motion to disqualify the appellees' counsel. We affirm without further discussion. See Coral Reef of Key Biscayne Devs., Inc. v. Lloyd's Underwriters at London, 911 So. 2d 155, 157 (Fla. 3d DCA 2005) ("Since the remedy of disqualification strikes at the heart of one of the most important associational rights, it must be employed only in extremely limited circumstances."); Stopa v. Cannon, 330 So. 3d 1033, 1036 (Fla. 2d DCA 2021) ("[I]f Mr. Cannon wants Attorney McGrath's continued legal services despite a purported conflict, Mr. Stopa has not explained how he, Mr. Stopa, is harmed."); Pagidipati v. Vyas, 353 So. 3d 1204, 1211 (Fla. 2d DCA 2022) ("In most cases, a stranger to the attorney-client relationship lacks standing to seek disqualification.").

We write, however, to address an issue of growing concern—the proliferation of fake or hallucinated case citations in court filings. We aren't the only court in Florida to address this problem. See ByoPlanet Int'l, LLC v. Johansson, No. 25-CV-60630, 2025 WL 2091025, at *5 (S.D. Fla. July 17, 2025) (explaining that repeated citations to hallucinated cases "constitutes repeated, abusive, bad-faith conduct" warranting sanctions); O'Brien v. Flick, No. 24-61529-CIV, 2025 WL 242924, at *6 (S.D. Fla. Jan. 10, 2025) (agreeing that relying on non-existent law in a court filing is an improper purpose). We aren't even the first panel of this court to address this problem.

See Gutierrez v. Gutierrez, 399 So. 3d 1185, 1188 (Fla. 3d DCA 2024) (imposing sanctions against pro se appellant based on the filing of "fictitious and nonexistent case law," and collecting federal and state cases from around the country in which sanctions have been imposed for the submission of fictitious case law). Takefman's initial brief cites cases that do not exist: "Hernandez v. Gilbert, 175 So. 3d 918, 921 (Fla. 4th DCA 1995)," and "Scott v. State, 763 So. 2d 1091 (Fla. 4th DCA 1999)." Despite this being noted in the answer, the reply again cites "Hernandez."

The repeat citation to a fake case, after the opposing party points it out, is particularly egregious. But there's more. The initial brief also cites to a sort-of real case, citing "McPartland v. ISI Inv. Servs., Inc., 890 So. 2d 1065 (Fla. 2d DCA 2004)," which is fake, instead of McPartland v. ISI Inv. Servs., Inc., 890 F. Supp. 1029 (M.D. Fla. 1995), which is real. More troubling than an errant citation, however, the parenthetical asserts that the case holds "that a conflict requiring disqualification must be analyzed assuming the alleged facts are true, without adjudicating disputed issues." But a review of the (real) order reveals no language that could reasonably be interpreted to suggest such a holding. This is a waste of party resources as well as the court's. Opposing counsel, and the court, should not have to parse case citations and parentheticals to discern whether cases exist, and if so, if they stand for

3

the propositions asserted. Accordingly, Takefman shall show cause within 10 days why he should not be sanctioned for such conduct. Possible sanctions may include but are not limited to a requirement that a member of the Florida Bar review and sign any future filings in this court in any matter seeking review of the underlying action (Lower Tribunal No. 23-26281-CA-01). See Gutierrez, 399 So. 3d at 1188 (sanctioning pro se appellant after failure to respond to an order to show cause).

Affirmed. Order to show cause issued.