**Louis M. MOYROUD, Plaintiff,**

v.

**ITEK CORPORATION, Defendant.**

**No. 81–967–CIV–EPS.**

United States District Court,
S. D. Florida,
Miami Division.

Dec. 23, 1981.

Gregor N. Neff, New York City, Michael J. Cappucio, Miami, Fla., for plaintiff.

Clyde F. Williams, Chicago, Ill., James W. Crabtree, Miami, Fla., for defendant.

ORDER AND MEMORANDUM OPINION

SPELLMAN, District Judge.

THIS CAUSE came before the Court upon the Defendant Itek Corporation's Motion for an Order of Disqualification direct-

ed against Plaintiff Louis M. Moyroud's Counsel. The Court, having considered the arguments presented in memoranda, and being otherwise fully informed in the premises, hereby finds that:

This is a case involving alleged patent infringement brought by Mr. Moyroud against Itek Corporation. Itek has moved for disqualification of Plaintiff's counsel based upon the allegation that said counsel has previously represented Itek in litigation which is substantially related to the present action.

Itek asserts that under the present Fifth Circuit Rule, which this Court is bound to follow, a "substantial relationship" has been shown between the present and former representations, and that an irrebutable presumption has arisen that relevant and confidential information was disclosed during the former period of representation. The Fifth Circuit admonishes the district courts that when undertaking this "substantial relationship" analysis, that,

a court must look behind mere facial similarities or dissimilarities between the prior and pending cases and focus on the precise nature of the subject matters presented in the two representations;[1]

and the burden is upon the movant to establish this relationship.

The Plaintiff in the pending action, together with his colleague Renne' Higonet (who is not a party to this action) have been called the "fathers of phototypesetting." In that capacity various patents covering phototypesetting equipment and processes were granted to them. In previous litigation concerning the validity of a certain "cards" patent[2] Plaintiff and Higonet were represented, as was their exclusive licensee and employer Photon, Inc., by counsel who is the subject of the present motion for disqualification. As such, Plaintiff and cur-

rent counsel have had an attorney-client relationship for over fourteen years.

In 1969 Itek sued RCA, Inc., on patent 3,165,045 which is not the "cards" patent. In the RCA suit, although the same law firm represented Itek as in Plaintiff's and Photon's previous suits regarding the "cards" patent, different individual counsel were involved. Plaintiff's present counsel was not involved in the 1969 suit. The attorney who represented Itek against RCA is no longer with the firm and is presently a U.S. District Court Judge for the Southern District of New York.

In *Duncan v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.*, 649 F.2d 1020, 5th Cir. 1981, the Court of Appeals reversed the district court's disqualification of plaintiff's counsel because the defendant had failed to meet its burden of proof for disqualification under Canon Four of the Code of Professional Responsibility[3] stating that,

Only when the moving party delineates with specificity the subject matters, issues, and cause of action presented in former representation can the district court determine if the substantial relationship test has been met. Merely pointing to a superficial resemblance between the present and prior representations will not substitute for the careful comparison demanded by our cases.

Itek alleges that the test is met because the subject matter of the prior and pending litigation concerns design activities relating to phototypesetting machines, and hence is "substantially related."[4] This conclusionary statement does not meet the stringent burden of proof established by the Fifth Circuit in *Merrill, Lynch, supra*. As Plaintiff correctly states in response to the Motion for Disqualification:

The assertion that the patents in both the RCA suit and this suit relate to photo-

---

1. *Duncan v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.*, 646 F.2d 1020, 1031 (5th Cir. 1981).

2. In *Photon, et al. v. Electra*, 308 F.Supp. 133 (1969) the present Plaintiff and Higonet were joined as Plaintiffs with Photon. The case upheld the validity of two patents, one of which is

the "cards" patent at issue in the present action.

3. Canon Four states: A lawyer should preserve the confidence and secrets of a client.

4. Defendant's Motion for Disqualification at page 8,

composing machines is no more sufficient than was the Merrill, Lynch allegation that both the earlier suit and the current suit related to securities law violations. Similarly, the assertion that both suits related to "design activities" of Itek in the design of such equipment is not more sufficient than Merrill, Lynch's assertion that both cases related to its practices and procedures.

It is therefore,

ORDERED AND ADJUDGED that the Defendant Itek's Motion for Disqualification is DENIED. It is further ORDERED that Defendant's Motion for Protective Order is DENIED. Plaintiff shall have thirty days from the date of this Order to respond to the Defendant's Motion for Summary Judgment.