**SMALLEY TRANSPORTATION COMPANY, Plaintiff,**

v.

**PRIME COMPUTER, INC., Defendant.**

No. 89–872–CIV–T–13C.

United States District Court,
M.D. Florida,
Tampa Division.

May 13, 1991.

Jeffrey N. Kramer, John W. Campbell, MacFarlane, Ferguson, Allison & Kelly and G. Donovan Conwell, Jr., Fowler, White, Gillen, Boggs, Villareal and Banker, P.A., Tampa, Fla., and Charles P. Scheeler, Piper & Marbury, Baltimore, Md., for plaintiff.

James M. Landis and Thomas H. Duke, Foley and Lardner, Tampa, Fla., for defendant.

## ORDER

ELIZABETH A. JENKINS, United States Magistrate Judge.

THIS CAUSE comes on for consideration of plaintiff's Motion for Protective Order and to Disqualify Defendant's Counsel filed on April 19, 1991 (Dkt. 31) and supporting affidavits filed by plaintiff on May 6, 1991 (Dkts. 40–44), as well as a response to plaintiff's Motion for Protective Order and to Disqualify Defendant's Counsel filed by defendant on April 19, 1991 (Dkt. 34) and Memorandum in Opposition to the Motion to Disqualify Counsel and in Support of Cross–Motion for Sanctions filed by defendant on May 2, 1991 (Dkt. 39).[1] An evidentiary hearing on the motion was held on May 6, 1991. For the reasons set forth below, the magistrate denies the motion for

---

1. Although defendant has filed a cross-motion for sanctions under Rule 11 stemming from plaintiff's filing of the motion to disqualify counsel, this issue will not be addressed by the court at this time, pending plaintiff's timely response to the cross-motion for sanctions.

protective order as moot and denies the motion to disqualify counsel.

## I

Plaintiff's motion for a protective order sought to stay the depositions of William Smalley, Paul Fish, Diane Danias, and Richard Skillinger until June 1, 1991 on the basis of scheduling conflicts of counsel and unavailability of lead counsel during the month of May. On April 19, 1991, this court stayed the depositions pending further review of the motion. (Dkt. 35)

At the hearing on May 6, 1991, plaintiff's counsel indicated that alternate lead counsel will now be available to take the depositions during the month of May. Other scheduling conflicts were also resolved. Accordingly, this issue is now moot, and the stay is lifted.

## II

Plaintiff also moves to disqualify defendant's counsel, Thomas K. Christo [2] and the law firm of Foley, Lardner and Hill from appearing on defendant's behalf in this lawsuit. Plaintiff alleges Mr. Christo represented Smalley Transportation Co. ("Smalley") in another case in 1981, involving data processing and a dispute with another computer company, Honeywell Information Systems, Inc. ("Honeywell"). Plaintiff alleges during this meeting with Charles F. Clark, plaintiff's counsel in the case against Honeywell, and Gary Neubert, an employee of plaintiff's at that time, Mr. Christo was given confidential information concerning Smalley's internal operations, personnel, data processing and finances. Defendant states that Mr. Christo provided technical rather than legal services when he met with Smalley and its attorney during the brief meeting on May 19, 1981 and the matter is not substantially related to the present action.

To prevail on a motion to disqualify, the moving party must show (1) the existence of a prior attorney/client relationship and (2) that the matters embraced in the pending suit are substantially related to the matter or cause of action in the prior suit. *Cox v. American Cast Iron Pipe Co.,* 847 F.2d 725, 728 (11th Cir.1988).[3] The party seeking disqualification has the burden of proof in this matter. *Duncan v. Merrill, Lynch, Pierce, Fenner, & Smith, Inc.,* 646 F.2d 1020, 1028 (5th Cir. Unit B), *cert. denied,* 454 U.S. 895, 102 S.Ct. 394, 70 L.Ed.2d 211 (1981).[4]

In the case at hand, there is a factual dispute as to whether Mr. Christo was consulted by Smalley as an attorney or as a computer consultant in the Honeywell case. Defendant has presented evidence Mr. Christo was acting as a computer consultant when Smalley consulted him about the Honeywell case. Mr. Christo was a member of a Massachusetts law firm at the time and remains so employed as of this date. Mr. Christo states he discussed only technical matters about the Honeywell computer system and general theories regarding computer-related litigation during the meeting in 1981. Defendant supports Mr. Christo's testimony with a copy of the

---

**2.** Although Mr. Christo has not yet filed a Notice of Appearance in the case, defendant has not objected to the motion to disqualify on this ground. At the hearing, defendant stated Mr. Christo is being retained as counsel in this matter and will file a Notice of Appearance if this court deems he would not be disqualified. Additionally, it is necessary to determine if Mr. Christo would be disqualified in order to address the issue of disqualification of the law firm of Foley, Lardner and Hill, which is presently representing defendant in this matter.

**3.** Under Local Rule 2.02, the professional conduct of all attorneys practicing before this court, including non-resident attorneys appearing specially, is regulated by the Code of Professional Responsibility and other ethical requirements of the Florida Bar. Under Rule 4–1.9(a) of the Rules Regulating the Florida Bar, a lawyer who has formerly represented a client in a matter cannot thereafter represent another person in the same or substantially related matter in which that person's interests are materially adverse to the interests of the former client without the former client's consent. The Florida rule is therefore consistent with the test used to disqualify former counsel in this circuit.

**4.** The Eleventh Circuit in *Bonner v. City of Prichard,* 661 F.2d 1206, 1207 (11th Cir.1981) (*en banc*) declared that decisions of the former Fifth Circuit rendered prior to October 1, 1981 are binding on this Circuit.

bill Mr. Christo sent to plaintiff on his law firm letterhead in which the phrase "For Professional Service Rendered" was crossed out, consistent with Mr. Christo's practice of crossing out the phrase when he bills for non-legal computer consultations. The bill was sent to Mr. Clark and reflects a charge of $450 for a 2¼ hour consultation regarding Smalley on May 19, 1981. There are also charges for three hours of paralegal services [5] and miscellaneous expenses for parking and mileage. (Dkt. 39, Christo affidavit, Ex. B)

Plaintiff alleges Mr. Christo was consulted as an attorney in the case involving Honeywell. Plaintiff has submitted the affidavits of Charles Clark (Dkt. 41) and Gary Neubert (Dkt. 43) in support of this claim. Mr. Clark states that in the course of representing Smalley in 1981 he consulted Mr. Christo in preparation for filing a complaint against Honeywell. Mr. Clark also states Mr. Christo was consulted as an attorney and was directly paid for the consultation by Smalley. Mr. Neubert states the purpose of the meeting with Mr. Christo was to seek his legal advice regarding aspects of a lawsuit Smalley would eventually file against Honeywell. Additionally, the affidavit of Thomas Mimms, also counsel for plaintiff in the suit against Honeywell, indicates Mr. Clark returned from the meeting with notes containing legal theories which were incorporated into the complaint against Honeywell. (Dkt. 44)

█ In determining whether an attorney/client relationship existed, the court may focus on the subjective expectation of the client that he is seeking legal advice in order to safeguard his individual belief and reliance. *Glover v. Libman*, 578 F.Supp. 748, 757 (N.D.Ga.1983). Plaintiff has presented evidence that it reasonably believed it was consulting Mr. Christo as an attorney in 1981. It is doubtful Mr. Christo's personal billing practice of crossing out a phrase on the bill for non-legal consultations would provide any indication to a client that he was not acting as an attorney in the matter. Furthermore, there is no

evidence in the record that any disclaimer was ever given to Smalley that Mr. Christo was not acting as an attorney in the matter. Since Mr. Christo himself testified he conducts his computer consultation business activities at his law firm, the distinction between his practice of law in computer-related matters and his technical and business activities in the computer field may not have been clear to Smalley in the absence of a disclaimer. Although the evidence is conflicting, the weight of the evidence indicates that Mr. Christo entered into an attorney/client relationship with Smalley, during the brief, limited consultation in May 1981. Therefore, this court finds an attorney/client relationship existed between Mr. Christo and plaintiff in the Honeywell case.

█ The second prong of the test for disqualifying former counsel requires the moving party to show there was a substantial relationship between the matters in the prior and current actions. *Cox*, 847 F.2d at 728; *Duncan*, 646 F.2d at 1028. The party need not identify specific confidences which were revealed to former counsel, but only that the matter(s) in the prior and present actions are substantially related. *Duncan*, 646 F.2d at 1028. Once a substantial relationship is shown, an irrebuttable presumption arises that confidential information was disclosed, and counsel will be disqualified. *Duncan*, 646 F.2d at 1028.

However, "a court must look behind mere facial similarities or dissimilarities between the prior and pending cases and focus on the precise nature of the subject matters presented in the two representations." *Duncan*, 646 F.2d at 1031 (in a securities fraud action by a customer against a brokerage firm, evidence that customer's counsel had represented the brokerage firm in ten prior matters involving kinds of securities, margin accounts, and the firm's relationship with its customers did not establish a substantial relationship between present and prior representations, even though counsel reviewed the firm's records, held conferences with its

---

5. Mr. Christo testified that the paralegal services were for providing airport transportation for Mr. Clark and Mr. Neubert and do not involve any legal work in this matter.

employees, and prepared a range of legal documents on behalf of the firm); *Moyroud v. Itek Corp.*, 528 F.Supp. 707, 708 (S.D.Fla.1981) (attorney's prior representation of defendant in an action involving patents in the photo-typesetting field did not preclude representation of plaintiff in the present suit against defendant for alleged infringement of other patents in the typesetting field).

The present diversity case involves allegations of fraud and misrepresentation, breach of contractual warranties, rescission, revocation of acceptance, and federal and Florida RICO violations stemming from a series of upgrades to more powerful PRIME computer systems by plaintiff beginning in mid–1983 and continuing at least through 1987. Mr. Christo was consulted in 1981 about problems Smalley was having with a Honeywell computer system.

Plaintiff asserts that information regarding Smalley's computer requirements and data processing procedures, as well as information about its internal and financial operations were given to Mr. Christo at the 1981 meeting. (Dkts. 41, 43) Plaintiff alleges that since both actions involve computer fraud, and Mr. Christo was given the information to formulate legal strategies and damages against Honeywell stemming from problems with the Honeywell computer system, a substantial relationship exists between the present and prior suit.

The mere fact that Smalley provided information to Mr. Christo about its data processing and internal operations in a separate lawsuit involving a different computer does not mean the former case is substantially related to the present case. This case is similar to the assertion of mere facial similarities under *Duncan*, 646 F.2d at 1028, and *Moyroud*, 528 F.Supp. at 707. The only evidence comparing the relationship between the actual matters involved in the two cases was the testimony of Mr. Christo, who stated the data processing involved with the Honeywell computer system was vastly different from data processing used by the current PRIME computer system due to technological advances, and that information gained about Smalley in the Honeywell case would not be helpful in the present case.

Mr. Christo states he has never received any information from any Smalley representative which bears even peripherally upon this case. Additionally, his file on the 1981 consultation contains handwritten notes comprising only eight lines, which describe Honeywell-related technical specifications. (Dkt. 46)

According to Mr. Clark's affidavit, after meeting with Mr. Christo, Smalley filed suit against Honeywell for fraud, negligence and breach of contract. A letter from Mr. Clark to Mr. Christo sent on July 15, 1983 describes the representation as a meeting in 1981 "concerning our client's problems with a Honeywell Level 6 Model 43 minicomputer system and GCOS 6 MOD 400 Executive System and related utilities." (Dkt. 39, Christo Affidavit, Ex.C) The letter goes on to request the name of a Honeywell official Mr. Christo had previously deposed.[6] There is no evidence that Smalley even owned any PRIME computers in 1981 or that the PRIME computers replaced the Honeywell computers with which Smalley was obviously dissatisfied.

Plaintiff has failed to meet its burden of a showing that the matters involved in the Honeywell case are substantially related to the present case against PRIME computers.

Plaintiff's assertion that Mr. Christo's consultation on legal theories in the Honeywell case would preclude his representation of defendant in this case is equally unpersuasive. Mr. Mimms' affidavit (Dkt. 44) states plaintiff originally went to see Mr. Christo after becoming aware of his expertise in suing computer companies through a brochure which described seminars Mr. Christo conducted explaining legal theories a party might employ when suing a computer company. The plaintiff consulted Mr. Christo to develop legal theories in its case against Honeywell. It is evident there are general legal theories used in suing

---

**6.** Although the letter was sent in 1983, it is undisputed that Mr. Christo did not provide any further assistance in the Honeywell case after 1981. Mr. Christo states he did not respond to this letter due to an intervening confidentiality agreement with Honeywell.

computer companies, since Mr. Christo was giving public seminars about them. Plaintiff states Mr. Christo assisted Smalley in incorporating these theories into the Honeywell suit. However, plaintiff has not presented any evidence that the incorporation of these theories into the Honeywell case was in any way related to the present case, beyond the general legal theories about computer fraud which might be presented at one of these public seminars. A similar argument by plaintiff based on damages in a computer fraud case can also be dismissed on this basis. *See e.g. Laker Airways Ltd. v. Pan American World Airways*, 103 F.R.D. 22, 40 (D.D.C.1984) (fact that both representations share a common area of the law does not establish a substantial relationship).

Plaintiff has not met its burden of proof to disqualify counsel in this case. Mr. Christo cannot be disqualified. Since Mr. Christo is not disqualified, the disqualification cannot be imputed to the law firm of Foley, Lardner and Hill. Furthermore, no evidence was presented that the law firm is subject to disqualification apart from its relationship to Mr. Christo.

### III

Mr. Christo is not a member of the Florida Bar, but he will be regulated by the standards of professional conduct governing Florida Bar members under Local Rule 2.02 if he is granted leave to appear specially before this court. Nothing in this order shall be construed as exempting Mr. Christo from any of these obligations.

It is therefore, ORDERED:

(1) that plaintiff's Motion for Protective Order (Dkt. 31) is DENIED as moot.

(2) that the Motion to Disqualify Counsel (Dkt. 31) is DENIED.

(3) that any party seeking reconsideration of this order by the district court judge shall file an appropriate motion within 10 days of this order.

DONE and ORDERED.