Thomas CONTANT, Plaintiff,

v.

KAWASAKI MOTORS CORPORATION, U.S.A., INC., a foreign corporation, and Kawasaki Heavy Industries, Ltd., a foreign corporation, Defendants.

No. 92–1885–CIV–T–17B.

United States District Court, M.D. Florida, Tampa Division.

July 13, 1993.

John P. Graves, Jr., John P. Graves, Jr., Chartered, Michael R. Karp, Sarasota, FL, for plaintiff.

John C. Seipp, Jr., Miami, FL, Larry Martin Roth, Roth, Edwards & Smith, Orlando, FL, for defendants.

## ORDER ON MOTION TO DISQUALIFY PLAINTIFF'S COUNSEL

KOVACHEVICH, District Judge.

This cause is before the Court on Defendant's motion to disqualify John P. Graves and Karp & Karp, P.A. as counsel for the Plaintiff, Docket # 13, filed on March 1, 1993 and Defendant's response, Docket # 19, filed on April 1, 1993. For the following reasons, the motion to disqualify Plaintiff's counsel is **granted.**

### FACTUAL SETTING

The dispute at issue concerns a question of professional responsibility. Plaintiff has brought a product liability action against Defendants, alleging that the Defendants negligently or defectively designed or manufactured a motorcycle, and that these actions were the proximate cause of the Plaintiff's injuries. Defendants assert that counsel for the Plaintiff, John P. Graves (hereinafter Graves), should be disqualified as counsel due to his former representation of the Defendant.

Graves acknowledges representation of the Defendants on three occasions. Since Defendants do not stress the importance of two other alleged representations, this Court will disregard those, as it does not believe those cases bear significantly upon the outcome of this case. All three of the previous cases in which Graves represented Defendants were motorcycle products liability cases. Graves last represented the Defendants in 1986. The extent to which Graves represented Defendants and the similarity between that representation and the instant case comprises the present litigation before this Court.

Defendants and Graves agree that should Graves be disqualified as Plaintiff's counsel, Karp & Karp, P.A. must also be disqualified under the applicable standards of vicarious liability.

### CONCLUSIONS OF LAW

The disqualification of one's chosen counsel is an extraordinary remedy that should be resorted to sparingly. *Arcara v. Philip M. Warren, P.A.,* 574 So.2d 325, 326 (Fla. 4th D.C.A.1991) (citing *General Accident Insurance Company v. Borg–Warner Acceptance Corp.,* 483 So.2d 505 (Fla. 4th D.C.A.1986)). The burden of proof to establish grounds for disqualification is on the party moving for disqualification *Moyroud v. Itek Corporation,* 528 F.Supp. 707 (S.D.Fla. 1981).

The professional conduct of all members of the Bar in this Court is governed by the Model Rules of Professional Conduct of the American Bar Association, as modified and adopted by the Supreme Court of Florida. Local Rule 2.04(c), Rules of the United States District Court for the Middle District of Florida. Rule 4–1.9(a) states:

A lawyer who has formerly represented a client in a matter shall not thereafter:

(a) Represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation; or

(b) Use information relating to the representation to the disadvantage of the former client except as rule 4–1.6 would permit with respect to a client or when the information has become generally known.

The Model Rules further provide that "[a] lawyer shall not reveal information relating to representation of client ... unless the client consents after disclosure to the client". Rule 4–1.6(a). The ethical responsibility of an attorney to maintain the confidences of the client is what is at issue here. *State Farm v. K.A.W.,* 575 So.2d 630, 632 (Fla. 1991).

This Court has the power and responsibility to regulate the conduct of the attorneys who practice before it. *Florida Insurance Guaranty Association, Inc. v. Carey Canada, Inc.,* 749 F.Supp. 255 (S.D.Fla.1990) (citing *United States v. Kitchin,* 592 F.2d 900, 903 (5th Cir.1979)). Such power is essential to ensure both the quality of justice in the immediate matter at hand and to maintain the public's trust in the legal profession and the judicial process. *Id.* at 258.

In attorney disqualification · cases based on conflict of interests, this circuit has developed a two-prong test. First, the party moving for disqualification must establish that it, at one time, had an attorney-client relationship with counsel. *Duncan v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 646 F.2d 1020, 1028 (5th Cir.1981). Second, the moving party does not need to show specific confidences that have been revealed by the former client. The moving party must show that the present and prior representations are substantially related. *Duncan*, 646 F.2d at 1028. This is done by specifically demonstrating the relationship between the subject matters, issues and causes of action of both the present and previous representations so that the court can determine whether a substantial relationship exists. *Id.*

## DISCUSSION

It is abundantly clear that an attorney client relationship did, at one time, exist between Graves and Kawasaki. The question this Court needs to address is whether those previous relationships were substantially related to the present action to warrant the disqualification of chosen counsel. The right to counsel of choice is an important element of our judicial system and the removal of counsel of choice is a most serious matter. Conversely, the attorney client privilege must not be taken lightly. Should the public no longer feel the ability to confide in the members of the bar, our judicial system would not be able to function as we know it today.

Defendant alleges that the present action is substantially related to several previous actions that Graves participated in as counsel for the Defendant. Defendant claims that the present action has substantial similarities with *Baker v. Kawasaki* (See Docket # 14). In that action there was a count titled "CRASHWORTHINESS". In the present action, the complaint is replete with allegations of the motorcycle being "uncrashworthy". Indeed, this seems to be the major focus of the complaint. Though Graves denies that crashworthiness was a major focus of the *Baker* case, it appears that it must have been somewhat significant to warrant

its own count. Additionally, the present actions alleges that the motorcycle in question was defective because it was not equipped with "crash bars". In *Baker*, it was alleged that the motorcycle was uncrashworthy because it did not have "crash bars". Thus, this Court does believe that both actions do involve crashworthiness.

Defendant alleges that plaintiff has acquired confidential information with respect to the relationship between Kawasaki Motors Corporation and Kawasaki Heavy Industries, LTD. Plaintiff correctly points out that Graves was not lead counsel in dealing with those issues but was only hired for the products liability portion of the trial. Separate counsel was consulted and retained to handle the service of process matters raised by the Defendant. While it is true that Graves did not receive the type of information he would have received had he been litigating the issue, he was made privy to information he would not have received but for the fact that he represented the Defendant in the product liability portion of the action.

Additionally, Defendant alleges that Graves became aware of the practices used by Defendant in fighting a product liability action. Again, much of that information was confidential attorney-client information that Graves would not have access to had he not been counsel for the defendant. An outside attorney, having never before been associated with the Defendants, would not have the same intimate knowledge of Kawasaki as Graves has.

It is this Court's duty to not only dispense justice, but, equally as important, to maintain the integrity of the judicial system. The public's trust and confidence in the system is essential to the ability of the system to function efficiently and justly. At this Court has previously noted, "even an appearance of impropriety may, under the appropriate circumstances, require prompt remedial action from the court ... Consequently, any doubt is to be resolved in favor of disqualification." *Rentclub Inc. v. Transamerica Rental Finance Corp.*, 811 F.Supp. 651 (M.D.Fla.1992). Given the facts and interrelationships in this matter, allowing Graves to continue to represent the Plaintiff may not only result in a

violation of the attorney-client relationship established between Graves and Kawasaki, but may severely call into question the morality of our legal system. This Court finds that the disqualification of Graves is required as a matter of justice.

Accordingly it is

**ORDERED** that Attorney Graves be **disqualified** at once and the plaintiff shall have thirty (30) days from the date of this order to obtain new counsel and have that counsel file a notice of appearance with this Court. It is further,

**ORDERED** that all outstanding motions be **stayed** until thirty (30) days from the filing of the notice of appearance. Substitute counsel must file responses to all outstanding motions by the end of that thirty (30) day period.

**DONE AND ORDERED.**