**BROTHERHOOD MUTUAL INSURANCE COMPANY,**
Plaintiff,

v.

**NATIONAL PRESTO INDUSTRIES, INC., Defendant.**

No. 93–1819–CIV–T–17C.

United States District Court,
M.D. Florida,
Tampa Division.

Feb. 17, 1994.

John David Kiernan, Harris, Barrett, Mann & Dew, St. Petersburg, FL, for Brotherhood Mut. Ins. Co.

C. Bryant Boydstun, Jr., Boydstun, Dabroski & Lyle, P.A., St. Petersburg, FL, for National Presto Industries, Inc.

## ORDER ON PLAINTIFF'S MOTION TO DISQUALIFY COUNSEL

KOVACHEVICH, District Judge.

This cause is before the Court on the following pleadings: Plaintiff's Motion to Disqualify Counsel and its Memorandum of Law in support thereof, both filed November 24, 1993 (Docket No. 9 and 10); and Defendant's Memorandum in Response to Plaintiff's Motion to Disqualify Counsel, filed December 2, 1993 (Docket No. 11). Pursuant to Rules 4–1.9(a) and 4–1.10(a) of the Rules of Professional Conduct, Rules Regulating the Florida Bar, and Local Rule 2.04(c) of the United States District Court for the Middle District of Florida, Plaintiff, Brotherhood Mutual Insurance Company, has moved to disqualify counsel for Defendant, National Presto Industries, Inc., for violation of these rules.

## I. BACKGROUND

In January of 1992, Plaintiff, by and through its claims adjuster, LaRita Dilling, contacted attorney Carl Lyle of the firm Lyle and Skipper, P.A., regarding the fire loss and subrogation claim litigation which is the subject matter of this pending action. Mr. Lyle then undertook and continued representation of Plaintiff until May 1992. At that time, Plaintiff and Mr. Lyle agreed that the firm should withdraw, due to an objection from Defendant because the firm had represented Defendant in previous matters. During the time period that Mr. Lyle represented Plaintiff, the firm of Lyle and Skipper, P.A. was dissolved. Some of the attorneys previously employed by Lyle and Skipper, P.A. then formed Boydstun, Dabroski and Lyle, P.A. Mr. Lyle and Defendant's attorney, C. Bryant Boydstun, Jr., are partners in this new firm.

### A. Plaintiff's Allegations

Plaintiff has alleged that Mr. Boydstun's participation in this case violates the Rules of Professional Conduct, Rules Regulating the Florida Bar, Rules 4–1.9 and 4–1.10(a). Specifically, Plaintiff alleges that Mr. Lyle would be unable to represent Defendant in this case due to his previous representation of Plaintiff in the same case. Plaintiff further alleges that the disqualification of Mr. Lyle is imputed to Mr. Boydstun under Rule 4–1.10.

### B. Defendant's Allegations

Defendant concedes the employment histories of Messrs. Boydstun and Lyle, but alleges that the two attorneys never discussed the case file, merits of the case, or any facts or legal views of the case. Defendant further alleges that Mr. Lyle, in serving as Plaintiff's attorney, was never privy to any confidences of Plaintiff, or its insured, Westshore Christian Church.

On that basis, Defendant's position is that Messrs. Boydstun and Lyle can continue to refrain from discussion of the instant case, and under these circumstances, there is no demonstrative prejudice or harm to Plaintiff. In the absence of such harm, argues Defendant, Mr. Boydstun and the firm of Boydstun, Dabroski and Lyle, P.A. should be permitted to continue their representation of Defendant.

## II. ANALYSIS

### A. Standard for Disqualification

█ The professional conduct of all members of the Bar of this Court is governed by the Model Rules of Professional Conduct of the American Bar Association, as modified and adopted by the Supreme Court of Florida. *U.S.Dist.Ct., M.D.Fla.Loc.R. 2.04(c).* While the Code of Professional Conduct does not contain an express provision prohibiting the appearance of impropriety, Florida law clearly retains this requirement. In *State Farm Mutual Auto. Co. v. K.A.W., etc., et al.,* 575 So.2d 630, 633 (Fla.1991), the Florida Supreme Court ruled that attorneys must still avoid even the appearance of professional impropriety. Accordingly, it has been held "even an appearance of impropriety may,

under the appropriate circumstances, require prompt remedial action from the court ... Consequently, any doubt is to be resolved in favor of disqualification." *Id.* at 718.

### B. Rule 4–1.9

■ The precedent governing the instant issue is clear. To prevail on a motion to disqualify, the movant must show (a) the existence of a prior attorney/client relationship, and (b) that the matters in the pending suit are substantially related to the matter or cause of action in the prior suit. *Smalley Transp. Co. v. Prime Computer Inc.,* 137 F.R.D. 397, 398 (M.D.Fla.1991); *Cox v. American Cast Iron Pipe Co.,* 847 F.2d 725, 728 (11th Cir.1988); *Duncan v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.,* 646 F.2d 1020, 1028 (5th Cir. Unit B), *cert. denied,* 454 U.S. 895, 102 S.Ct. 394, 70 L.Ed.2d 211 (1981)[1]. The party seeking disqualification has the burden of proof on these issues.

■ In the instant case, the parties do not dispute that there was a client/attorney relationship between Mr. Lyle, formerly of Lyle and Skipper, P.A., and currently of Boydstun, Dabroski and Lyle, P.A. The disagreement here centers on the extent of that attorney/client relationship. Plaintiff, in its motion and supporting documents, attempts to show the flow of confidential communication between itself and Mr. Lyle. Defendant, by asserting that Mr. Lyle spent approximately four hours on Plaintiff's case, would trivialize the relationship. In determining whether an attorney/client relationship existed, the court may focus on the subjective expectation of the client that he is seeking legal advice. *Smalley Transp. Co. v. Prime Computer, Inc.,* 137 F.R.D. at 399, citing *Glover v. Libman,* 578 F.Supp. 748, 757 (N.D.Ga.1983). Plaintiff's evidence leaves little doubt that it expected it was consulting Mr. Lyle for legal advice, and his letters to Plaintiff confirm this premise. The law does not require a long-term or complicated attorney/client relationship to fulfill the first prong of the test for disqualification. The weight of the evidence indicates an attorney/client relationship existed between Plaintiff and Mr. Lyle, and this Court therefore finds such a relationship.

The second prong of the test for disqualification of counsel requires a showing of a substantial relationship between the prior and current matters. *Smalley Transp. Co.,* 137 F.R.D. at 398; *Duncan,* 646 F.2d at 1028; *Cox,* 847 F.2d at 728. In this case, Plaintiff has alleged, and Defendant admitted, that the matters involved are identical. Once the substantial relationship is shown, an irrebuttable presumption arises that confidential information was disclosed, and counsel will be disqualified. *Duncan,* 646 F.2d at 1028.

■ Defendant relies on Seventh Circuit cases, which allow for rebuttal of the presumption that confidential information was disclosed, and argues this as the better rule. Unfortunately for Defendant, this Court is in the Eleventh Circuit, which applies the two-pronged test delineated above, with its resultant irrebuttable presumption of disqualification. This test and presumption are also upheld by the Florida Supreme Court, *State Farm Mutual Auto. Co.,* 575 So.2d at 633, 644, which is the origin of the Code of Professional Responsibility that this Court interprets. Rule 4–1.9 and the case law in this jurisdiction clearly would require disqualification of Mr. Lyle, had he attempted to represent Defendant after his prior relationship with Plaintiff.

### C. Rule 4–1.10

■ The only remaining question is whether Mr. Lyle's disqualification should be imputed to C. Bryant Boydstun, who has been a member of Mr. Lyle's firm, both at Lyle and Skipper, P.A. in January 1992, when Plaintiff first consulted Mr. Lyle, and currently at Boydstun, Dabroski & Lyle, P.A. Rule 4–1.10(a) of the Rules of Professional Conduct, Rules Regulating the Florida Bar, entitled "Imputed Disqualification of All Lawyers in Firm", clearly applies. This rule provides that "[w]hile lawyers are associated

---

**1.** The Eleventh Circuit in *Bonner v. City of Prichard,* 661 F.2d 1206, 1207 (11th Cir.1981) (*en banc*) declared that decisions of the former Fifth Circuit rendered prior to October 1, 1981 are binding on this Circuit.

in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by rule ... 4–1.9". The Florida Supreme Court has ruled that "a lawyer's ethical obligations to former clients generally require disqualification of the lawyer's entire firm where any potential for conflict arises." *Castro v. State*, 597 So.2d 259, 260 (Fla.1992). Where one partner formerly represented Plaintiff, and another partner in the firm currently represents Defendant in the same litigation, it cannot be denied that there is potential for conflict.

Presumably, the interrelationships of Rules 4–1.9 and 4–1.10 prompted Mr. Lyle's withdrawal from his representation of Plaintiff. For the same reasons, Mr. Boydstun should have declined to represent Defendant in this matter.

## III. CONCLUSION

Rules 4–1.9 and 4–1.10 of the Rules of Professional Conduct, Rules Regulating the Florida Bar, require disqualification of Defendant's counsel. Accordingly, it is

ORDERED that Plaintiff's Motion to Disqualify Counsel (Docket No. 10) be GRANTED.

DONE AND ORDERED.