**Juan SUCHITE, et al., Plaintiff,**

**v.**

**Chris KLEPPIN, Esq., individually, Glasser, Boreth & Kleppin, P.A., Tecta America South Florida, Inc., f/k/a Weiss & Woolrich Southern Enterprises, Inc., before merger, and Henry Gembala, individually, Defendants.**

**Case No. 10–21166–CIV.**

United States District Court, S.D. Florida, Miami Division.

March 15, 2011.

George Thomas Reeves, Davis, Schnitker, Reeves & Browning, P.A., Madison, FL, Edilberto O. Marban, Miami, FL, for Plaintiffs.

Chris Kleppin, Glasser Boreth & Kleppin, Plantation, FL, for Defendants.

Edilberto O. Marban, Miami, FL, pro se.

## ORDER ON MOTION TO DISQUALIFY COUNSEL

JOSE E. MARTINEZ, District Judge.

THIS CAUSE came before the Court upon Plaintiffs' Motion to Disqualify Counsel (**D.E. No. 31**). Plaintiffs have moved to disqualify Defendants Chris Kleppin ("Kleppin") and Glasser, Boreth & Kleppin P.A. ("Glasser firm") from acting as counsel in this case on the basis of the fact that they allege that Kleppin and the Glasser firm's continued representation of Defendants violates Florida Rule of Professional Conduct 4–1.7 and 4–3.7.

## I. Background[1]

This is a case for Fair Labor Standards Act ("FLSA") retaliation. Plaintiffs allege that actions taken by Defendants in two underlying FLSA cases, *Barrera et al. v. Woolrich Southern Enterprises, Inc.,* Case No. 09–21841–CIV–GRAHAM and *Ramos et al. v. Weiss & Woolrich Southern Enterprises Inc. et al.,* Case No. 09–22431–CIV–HUCK, constitute unlawful retaliation under the Fair Labor Standard Act ("FLSA"). In those underlying cases, Defendants Kleppin and the Glasser firm acted as counsel for their co-Defendants in this case, Tecta America South Florida, Inc. ("Tecta") and Henry Gembala ("Gembala"). More specifically, Plaintiffs assert that Defendants Kleppin and the Glasser firm made statements in court and asked questions during depositions regarding the Plaintiffs' immigration status, and Plaintiffs assert that these statements and questions were intended to be retaliatory and have a chilling effect regarding the Plaintiffs' exercise of their FLSA rights.

Kleppin and the Glasser firm have represented to this Court that their co-Defendants, Tecta and Gembala, have signed a written waiver of any conflict of interest and that Kleppin and the Glasser firm have agreed to fully indemnify Gembala and Tecta from any liability.

## II. Standard

 Attorneys practicing in the Southern District of Florida are governed in their professional conduct by the Rules Regulating the Florida Bar. Local Rule 11.1(c), S.D. Fla. When a motion to disqualify "is based on an allegation of ethical

---

1. An evidentiary hearing is not necessary for a motion to disqualify counsel where there are no disputed issues of material fact. *Allstate Ins. Co. v. Bowne,* 817 So.2d 994, 998 (Fla. 4th DCA 2002). Although the parties motions are rife with disputes regarding the merits of this case, the facts relevant to this motion are not at issue.

violation, the court may not simply rely on a general inherent power to admit and suspend attorneys, without any limit on such power. The court must clearly identify a specific Rule of Professional Conduct which is applicable to the relevant jurisdiction and must conclude that the attorney violated that rule" in order to disqualify the attorney. *Schlumberger Tech., Inc. v. Wiley*, 113 F.3d 1553, 1561 (11th Cir.1997). "An order involving the disqualification of counsel must be tested against the standards imposed by the [Florida Bar] Rules of Professional Conduct." *Estright v. Bay Point Improvement Ass'n, Inc.*, 921 So.2d 810, 811 (Fla. 1st DCA 2006) (quoting *Morse v. Clark*, 890 So.2d 496, 497 (Fla. 5th DCA 2004)). "Disqualification of a party's chosen counsel is an extraordinary remedy that should be resorted to only sparingly." *Arcara v. Philip M. Warren, P.A.*, 574 So.2d 325, 326 (Fla. 4th DCA 1991). "Further, the burden of proof in establishing grounds for disqualification rests squarely with the moving party." *Herrera–Shorthouse v. La Cubana Bail Bonds, Inc.*, No. 98–1888–CIV, 1999 WL 33266031, at *2 (S.D.Fla. July 14, 1999) (citing *Moyroud v. Itek Corp.*, 528 F.Supp. 707, 708 (S.D.Fla.1981)).

Rule 4–1.7 is the general rule on conflicts of interest involving attorneys. Rule 4–3.7 is the rule on the lawyer as a witness. The two rules in question have different standards with regard to when they may be addressed by the Court and the opposing party. The comments to Rule 4–1.7 provide:

> Resolving questions of conflict of interest is primarily the responsibility of the lawyer undertaking the representation.... Where the conflict is such as clearly to call in question the fair or efficient administration of justice, oppos-

ing counsel may properly raise the question. Such an objection should be viewed with caution, however, for it can be misused as a technique of harassment.

On the other hand, the comments to Rule 4–3.7 provide:

> The opposing party has proper objection where the combination of roles may prejudice that party's rights in the litigation. A witness is required to testify on the basis of personal knowledge, while an advocate is expected to explain and comment on evidence given by others. It may not be clear whether a statement by an advocate-witness should be taken as proof or as an analysis of the proof.

Accordingly, the Court must view the motion to disqualify on the grounds of Rule 4–1.7 with more caution than the motion to disqualify on the grounds of Rule 4–3.7.

### III. Analysis

#### A. Rule 4–1.7

Plaintiffs assert that by representing themselves and their co-Defendants, Tecta and Gembala, Kleppin and the Glasser firm are violating subsections (a) and (b) of Rule 4–1.7. Those two subsections provide as follows:

> (a) Representing Adverse Interests.

> A lawyer shall not represent a client if the representation of that client will be directly adverse to the interests of another client, unless:

>> (1) the lawyer reasonably believes the representation will not adversely affect the lawyer's responsibilities to and relationship with the other client; and

>> (2) each client consents after consultation.

**(b) Duty to Avoid Limitation on Independent Professional Judgment.**

A lawyer shall not represent a client if the lawyer's exercise of independent professional judgment in the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person or by the lawyer's own interest, unless:

(1) the lawyer reasonably believes the representation will not be adversely affected; and

(2) the client consents after consultation.

Rule 4–1.7(a) and (b), Florida Rules of Professional Conduct.

■ Plaintiff makes in essence the same argument regarding both subsections. Plaintiffs argue that the interests of Kleppin and the Glasser firm are adverse to the interests of Tecta and Gembala. More specifically, Plaintiffs argue that the position of Kleppin and the Glasser firm that they did nothing wrong in their representation of Tecta and Gembala in the earlier litigation prevents Kleppin and Gembala from asserting that Tecta and Gembala did not authorize their conduct in the litigation. Indeed, Plaintiffs point to a sworn statement by Gembala stating that he did not authorize the allegedly retaliatory conduct at issue as proof that the co-Defendants have adverse interests. The two defenses—first, that the conduct was not unlawful and, second, that Gembala and Tecta did not authorize it—are not mutually exclusive, however, and they are not necessarily adverse. Whether the conduct was unlawful retaliation and whether it was authorized or sanctioned by Gembala and Tecta are two different issues. Defendants can certainly argue that the conduct in question was not unlawful retaliation

and that, even if it was unlawful retaliation, Gembala and Tecta did not authorize it. Those positions are not directly adverse. To the extent that taking positions in the alternative may prejudice Defendants, Defendants have satisfied the requirements of Rule 4–1.7 in that Kleppin and the Glasser firm reasonably believe that their representation will not be adversely affected and in that they obtained the informed, written consent of their co-Defendants to the representation. As it is stated in the comments to Rule 4–1.7:

A possible conflict does not itself preclude the representation. The critical questions are the likelihood that a conflict will eventuate and, if it does, whether it will materially interfere with the lawyer's independent professional judgment in considering alternatives or foreclose courses of action that reasonably should be pursued on behalf of the client. Consideration should be given to whether the client wishes to accommodate the other interest involved.

Having considered the facts in this case, the Court finds that neither Kleppin nor the Glasser firm should be disqualified at this time based upon Rule 4–1.7.

**B. Rule 4–3.7**

Plaintiffs argue that Defendant Kleppin should be disqualified from representing Defendants because he must serve as a material witness in this case. Rule 4–3.7 provides as follows:

(a) When Lawyer May Testify.

A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness on behalf of the client except where:

(1) the testimony relates to an uncontested issue;

(2) the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony;

(3) the testimony relates to the nature and value of legal services rendered in the case; or

(4) disqualification of the lawyer would work substantial hardship on the client.

Defendant Kleppin asserts that the testimony relates to an uncontested issue, because there is no dispute of fact regarding his statements on the record in court and during depositions in the underlying cases. The Court notes, however, that both causation and the defendant's reason for taking an allegedly retaliatory action are issues in FLSA retaliation cases. *See, e.g., Wolf v. Coca–Cola Co.,* 200 F.3d 1337, 1342–43 (11th Cir.2000) (discussing causation, the employer's articulated legitimate reason for taking the action, and "but for" causation as elements of an FLSA retaliation claim). Any testimony that Defendant Kleppin provides regarding the reason or cause for his statements will likely be contested.

The testimony does not relate solely to a matter of formality, and it does not relate solely to the nature and value of legal services rendered in the underlying cases. Furthermore, Defendant Kleppin's disqualification will not work substantial hardship on the co-Defendants in this case, because absent a conflict from Rule 4–1.7 or 4–1.9, an attorney's disqualification under Rule 4–3.7 does not impute to his firm. *See* Rule 4–3.7(b) ("A lawyer may act as

advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by rule 4–1.7 or 4–1.9."). In other words, another attorney from the Glasser firm who will not be a witness can act as counsel during trial.

The application of this Rule 4–3.7 is complicated, however, by the fact that the Eleventh Circuit Court of Appeals has concluded that the ethical canons barring an attorney from acting as both witness and advocate do not apply to attorney *pro se* litigants. *Duncan v. Poythress,* 777 F.2d 1508, 1515 n. 21 (11th Cir.1985) (en banc), *abrogated on other grounds by Kay v. Ehrler,* 499 U.S. 432, 111 S.Ct. 1435, 113 L.Ed.2d 486 (1991). Such a litigant is permitted to testify on his own behalf just as any other *pro se* litigant does. *Id.*

The Court concludes that Plaintiffs have made a proper objection under Rule 4–3.7 to Kleppin prejudicing them by acting as both advocate and witness during trial. Accordingly, Defendant Kleppin will not be permitted to advocate for his co-Defendants in the event that this case goes trial. *See Eccles v. Nelson,* 919 So.2d 658, 660–61 (Fla. 5th DCA 2006) (disqualifying an attorney under Rule 4–3.7). Kleppin's co-Defendants must obtain different trial counsel. Said counsel may be another attorney from the Glasser firm, provided that he or she will not be called as a witness in this case. However, pursuant to the Eleventh Circuit's ruling in *Duncan,* Defendant Kleppin may represent himself *pro se* during trial if he chooses.[2] It is hereby:

**ORDERED AND ADJUDGED** that Plaintiffs' Motion to Disqualify Counsel

---

**2.** Defendants are cautioned that if Defendant Kleppin does choose to proceed *pro se* at trial, they should not assume that the Court will

provide any additional time to Defendants during openings and closings or any additional strikes during voir dire as a result. The

(D.E. No. 31) is **GRANTED IN PART** and **DENIED IN PART,** as provided in this Order.

Court notes, as stated *supra* Sec. III.A., that Defendants are not adverse to one another in this case.